Argued October 31, 1973, reversed and remanded January 7,
reconsideration denied February 13, petition for
review denied March 19, 1974

MENDENHALL, *Respondent, v.* STATE ACCIDENT
INSURANCE FUND, *Appellant.*

517 P2d 706

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

*Brian L. Welch,* Portland, argued the cause for respondent. With him on the brief were Pozzi, Wilson & Atchison, Portland.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

## FOLEY, J.

The claimant was a Umatilla County deputy sheriff who suffered a coronary attack on March 3, 1968; his employer had knowledge of the attack. No claim was filed under the Oregon Workmen's Compensation Law until February 28, 1972. The State Accident Insurance Fund refused on March 23, 1972, to process it on the ground that notice was not timely filed. *See* ORS 656.265.[1] Claimant then sought a hearing. The hearing officer affirmed the Fund's conclusion that the notice was not timely filed. No hearing was held on the merits. The Workmen's Compensation Board, ap-

---

[1] ORS 656.265 provides:

"(1) Notice of an accident resulting in an injury or death shall be given immediately by the workman or his dependent to the employer, but not later than 30 days after the accident. The employer shall acknowledge forthwith receipt of such notice.

"(2) The notice need not be in any particular form. However, it shall be in writing and shall apprise the employer when and where and how an injury has occurred to a workman. A report or statement secured from a workman, or from his doctor and signed by the workman, concerning an accident which may involve a compensable injury shall be considered notice from the workman and the employer shall forthwith furnish the workman a copy of any such report or statement.

"(3) Notice shall be given to the employer by mail, addressed to the employer at his last-known place of business, or by personal delivery to the employer or to a foreman or other supervisor of the employer. If for any reason it is not possible to so notify the employer, notice may be given to the board and referred to the State Accident Insurance Fund or the direct responsibility employer.

"(4) Failure to give notice as required by this section bars a claim under ORS 656.001 to 656.794 unless:

"(a) The contributing employer or direct responsibility employer had knowledge of the injury or death, or the fund

parently relying on ORS 656.265 (4) (a), reversed the order of the hearing officer and held that the claim had been timely filed in that the employer had knowledge of the injury. Accordingly, the Board remanded the case to the Fund for acceptance or denial of the claim on its merits. Thereupon the Fund sought review by the circuit court. The circuit court proceeded to hear the matter and affirmed the Board. The Fund then appealed to this court.

In *Hammond v. Albina Engine & Mach.*, 13 Or App 156, 509 P2d 56 (1973), we concluded that no order of the Workmen's Compensation Board may be appealed to the circuit court other than a final order. We repeated the test established in *Winters et al. v. Grimes et al.*, 124 Or 214, 216-17, 264 P 359 (1928), that an order, to be final, must be one which determines the rights of the parties so that no further questions can arise before the tribunal hearing the matter. *See also Barr v. Compensation Department*, 1 Or App 432, 463

---

or direct responsibility employer has not been prejudiced by failure to receive the notice; or

"(b) The fund or direct responsibility employer has begun payments as required under ORS 656.001 to 656.794; or

"(c) The notice is given within one year after the date of the accident and the workman or his beneficiaries establish in a hearing he had good cause for failure to give notice within 30 days after the accident.

"(5) The issue of failure to give notice must be raised at the first hearing on a claim for compensation in respect to the injury or death.

"(6) The board shall promulgate and prescribe uniform forms to be used by workmen in reporting their injuries to their employers. These forms shall be supplied by all employers to injured workmen upon request of the injured workman or some other person on his behalf. Nothing contained in this section, however, shall defeat the claim of any workman who does not use the suggested form but otherwise substantially complies with this section." ..

P2d 871 (1970); *Hiles v. Compensation Department*, 2 Or App 506, 470 P2d 165 (1970); and *Buster v. Chase Bag Co.*, 14 Or App 323, 331-32, 513 P2d 504 (1973), in which we said, citing *Hammond* and *Barr*:

> "* * * We have previously held that Board orders remanding a case to the hearing officer are not final appealable orders. * * *"

While we recognize that the case at bar presents some serious questions[2] about the interpretation of ORS 656.265 and possibly ORS 656.319, the Board order appealed from is not a final order. Rather, it only remands the claim to the Fund for acceptance or denial. No final decision on the question of compensability has been rendered. A decision which does not either finally deny the claim, or allow it and fix the amount of compensation, is not a final decision. The circuit court should have dismissed the appeal.

Reversed and remanded for further proceedings in accordance with this opinion.

---

[2] *See* 3 Larson, Workmen's Compensation Law, § 78.00 et seq.