Argued and submitted December 7, 1983, reversed and remanded January 24, 1984

## In the Matter of the Compensation of Noble Price, Claimant.

### PRICE,
*Petitioner on Review,*

*v.*

### SAIF CORPORATION,
*Respondent on Review.*

(CA A27755; SC 29817)

675 P2d 479

Evohl F. Malagon, Eugene, argued the cause for petitioner on review. On the brief were Christopher D. Moore and Malagon & Associates, Eugene.

Darrell E. Bewley, SAIF Corporation, Salem, argued the cause for respondent on review.

ROBERTS, J.

## ROBERTS, J.

The question in this workers' compensation case is whether the Court of Appeals properly dismissed claimant's appeal from the Workers' Compensation Board as premature.

The record in this case includes the petition for review of the order of the Workers' Compensation Board, with the order of the Board attached, and the documents related to the motion to dismiss. There is no transcript or referee's decision because the Board refused to forward them to the court on the basis that it, not the court, had jurisdiction. We take the following facts from the Board's order.

In October, 1979, claimant suffered a compensable low back strain while lifting lumber at work. During his treatment by three different doctors he expressed a fear of returning to work, and when released for work, arranged to return on a part-time basis. On his second day back at work in March, 1980, claimant began to experience chest pains at the beginning of his four hour shift. The pain became progressively worse after he had finished his shift and he sought treatment at a medical center. After seeking medical information on whether there was a possible relationship between the back injury and claimant's heart condition, SAIF denied the heart condition claim on the basis of insufficient evidence relating claimant's condition to his work activities. Claimant was then evaluated by various doctors including an anesthesiologist specializing in the control of chronic pain, a psychiatrist and two cardiologists.

The Board's order states:

"[T]he Referee found that claimant suffered some cardiac damage in March and that this was compensably related to his employment by virtue of the stress claimant experienced in relation to his return to work and his fear of reinjuring himself or someone else, or not being able to competently perform his job duties. The Referee alternatively concluded that, if future diagnostic procedures were to reveal that claimant did not have a heart problem and that the etiology of his chest pains was solely psychological, claimant still had established a sufficient causal connection between his chest pains in March of 1980 and his back injury in October of 1979.

"The Referee did not find, nor does the claimant contend on review, that his chest pains were directly caused by work

activity. Claimant's sole contention is that his chest pain, which he claims constituted a 'heart attack', are within the range of compensable consequences of his original low back injury. This was the Referee's finding, and claimant maintains that the evidence supports this conclusion, based primarily upon the fact that claimant was extremely anxious over the prospect of returning to work in his former capacity, feeling that he was neither physically nor mentally prepared to do so."

After analyzing the range of consequences of an injury, the Board said,

"We find, as a matter of fact, that, regardless of whether claimant sustained a myocardial infarction after returning to work, the physical symptoms complained of were the result of anxiety experienced in connection with his return to work. We do not find, however, that this anxiety is a 'natural and direct result of' claimant's 1979 low back injury. Our review of the record leaves us with the impression that, even before his back injury, claimant was frustrated with and weary of his vocational situation as a plywood mill worker because of numerous layoffs, loss of seniority and financial insecurity. Although Dr. Holland's interviews with claimant preceded the onset of claimant's chest pain, we find his analysis of claimant's pre-existing feelings about his job helpful. It thus appears that, rather than being a direct and natural result of claimant's 1979 back injury, his 1980 anxiety-induced chest pain was more likely a result of his unhappy vocational situation. Stated differently, we are unable to find that claimant has proven that it is more likely than not that his chest pain on March 4, 1980 and thereafter was within the range of compensable consequences of his 1979 low back injury."

Because the Board reversed the referee's order holding the heart condition[1] compensable, it remanded to the referee for a determination of the extent of disability of the back condition. Claimant filed notice of appeal to the Court of Appeals and SAIF moved to dismiss on the basis that the Board's order was not a final appealable order. The Court of Appeals dismissed the appeal as premature.

---

[1] We use the words "heart condition" but we note the Board's opinion makes reference to "chest pains" and "heart problem." Our use of "heart condition" is only a way of characterizing this claimed ailment; nothing in our opinion should be interpreted to mean claimant has established a heart condition.

 We allowed review because we were concerned that claimant presented two separate claims, in which event the determination that the chest pains were not compensable would have been a final order and appealable because no further action would have been required to dispose of the claim. *Winters v. Grimes,* 124 Or 214, 216-17, 264 P 359 (1928). We now conclude from the language in the Board's opinion that this was one claim; all the parties, at the hearing and Board level, treated the heart problem as a new development resulting from the back injury. That, however, does not mean that claimant is precluded from appealing the denial of the heart condition.

We noted in *Ohlig v. FMC Marine & Rail Equip't Divn.,* 291 Or 586, 596, 633 P2d 1279 (1981) that "partial denials" are recognized and litigated in practice and provided for by administrative rule. The rule cited there, OAR 436-83-125, is still in effect. It provides:

> "Every notice of partial denial shall set forth with particularity the injury or condition for which responsibility is denied and the factual and legal reasons therefor. The notice shall be in the form provided for in [OAR 436-]83-120. Hearing and appeal rights and procedures shall be as provided for claim denials in ORS 656.262(6) and (7), 656.319 and these Rules."

We also pointed out in *Ohlig* that the Workers' Compensation Bar is aware of the practice of partial denials by referring to "Workers' Compensation (Oregon CLE 1980)" § 24.24 which states:

> "A question arises under what might be called a 'partially rejected claim.' A simple demonstration follows: The worker sustains an injury to the lower back. He or she reports the injury and starts receiving compensation. After a period of time, the doctor commences treatment for a neck problem. The worker believes the neck problem is related to the back accident, but the carrier takes a different position. By administrative rule and custom, it is obligated to issue a denial of responsibility for the condition using the same form and giving the same notice of hearing rights as in a denial of claim in the first instance. OAR 436-83-125. Several of these cases have gone to the appellate courts on the merits. Dicta, at least, indicates approval. The supreme court's opinion in *Cavins v. SAIF,* 272 Or 162, 536 P2d 426 (1975) would seem to expand

the meaning of 'claim' sufficiently to validate partial denials.
* * *"

■ An order which addresses two separate aspects of the same claim, extent of disability on the accepted claim and compensability for an additional allegedly related disease, infection or injury, may finally determine one issue but not the other. Such is the case here. It is clear that there is nothing to be accomplished with reference to the heart condition on remand. The referee would be precluded from considering it again and would calculate extent of disability on the back injury alone; assuming the extent of disability would be appealed, the Board would refuse to consider compensability of the heart condition having already denied compensation.

■ We deem SAIF's denial, and the Board's affirmance of the denial, of the heart condition to be a partial denial, and it is, therefore, appealable. The remand by the Board is effective only to that portion of the order requiring a determination of extent of disability of the back injury. Extent of disability may be decided while compensability is being litigated. *SAIF v. Maddox,* 295 Or 448, 667 P2d 529 (1983).

The Court of Appeals dismissal was error; we remand for a consideration of whether the heart condition is compensable.

Reversed and remanded.