On petitioner's reconsideration filed December 11, 1984 on order of dismissal filed November 9, 1984; reconsideration allowed, dismissal of petition for judicial review affirmed February 6, petition for review denied March 19, 1985 (298 Or 822)

In the Matter of the Compensation
of Howard Dean, Claimant.

DEAN,
*Petitioner,*

*v.*

SAIF CORPORATION,
*Respondent.*

(82-05128; CA A31562 (Control), A32495)

695 P2d 90

James L. Edmunson, Evohl F. Malagon, and Malagon & Associates, Eugene, for petition.

Before Warden, Presiding Judge, Joseph, Chief Judge, and Van Hoomissen, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

Claimant petitions for reconsideration of an order which dismissed his petition for judicial review of an order of the Workers' Compensation Board. We allow reconsideration, grant reconsideration and affirm the dismissal.

The Board's order gives the following facts regarding claimant's condition:

> "Claimant suffered a compensable injury to his neck, left shoulder and left arm on November 15, 1979. On November 29, 1979 a cervical laminectomy and discectomy was performed. About the time of the surgery, a mass was detected near claimant's left collarbone. This mass has continued without a clear diagnosis, and apparently is the major cause of claimant's continuing problems."

Claimant has continued to suffer pain. In August, 1981, the treating physician found him to be medically stationary.

The referee found that the claim had been prematurely closed, and SAIF requested review by the Workers' Compensation Board, which, with one member dissenting, reversed the referee on the issue of premature closure and remanded the case for determination of extent of disability. Claimant then petitioned for judicial review in this court and filed a brief claiming that the Board had erred in finding him to be medically stationary. We granted SAIF's motion to dismiss the appeal on the ground that that issue is not separately appealable under *Jones v. SAIF,* 49 Or App 543, 619 P2d 1342 (1980).

Claimant argues that, if he must wait until the extent of disability is determined to have the issue of whether he is medically stationary resolved, his case will be unnecessarily prolonged, because his being medically stationary is a precondition to extent of disability being determined. As authority for separate consideration of the closure issue on appeal, claimant relies on *Price v. SAIF,* 296 Or 311, 675 P2d 479 (1984), where the claimant had suffered a compensable back injury and then developed a heart problem, which he alleged was caused by the back injury. The Board found the heart condition noncompensable, and the Supreme Court approved judicial review of that issue while the issue of extent of disability from the back injury was still pending below.

Although *Price* allowed an appeal of one element of a claim, that appeal was specifically from a denial of a separate and distinct injury that the claimant alleged was caused by the initial injury. There is no statutory basis for "partial denials" but, as the Supreme Court recognized in *Ohlig v. FMC Marine & Rail Equipment,* 291 Or 586, 633 P2d 1279 (1981), and repeated in *Price,* in workers' compensation practice partial denial claims are provided for by OAR 436-83-125 and may be litigated.[1]

We do not read *Price* to permit an appeal from every determination made before the entire claim has been resolved. The language in the opinion approving a separate appeal is limited to the partial denial situation:

> "An order which addresses two separate aspects of the same claim, extent of disability on the accepted claim and compensability for an additional allegedly related disease, infection or injury, may finally determine one issue but not the other." *Price v. SAIF, supra,* 296 Or at 316.

*Price* recognizes that the practice has been to treat a partial denial of an injury separate and distinct from the initial injury as if it were a separate claim and approves that practice. We conclude that *Price* did not otherwise change existing law regarding what is a final order for purposes of appeal under ORS 656.298(1). *See Winters et al v. Grimes et al,* 124 Or 214, 264 P 359 (1928); *Jones v. SAIF, supra; Mendenhall v. SAIF,* 16 Or App 136, 517 P2d 706, *rev den* (1974); *Hammond v. Albina Engine & Mach.,* 13 Or App 156, 509 P2d 56 (1973).

Reconsideration granted; dismissal of petition for judicial review affirmed.

---

[1] OAR 436-83-125 provides:

"Every notice of partial denial shall set forth with particularity the injury or condition for which responsibility is denied and the factual and legal reasons therefor. The notice shall be in the form provided for in [OAR 436-]83-120. Hearing and appeal rights and procedures shall be as provided for claim denials in ORS 656.262(6) and (7), 656.319 and these Rules."