Argued and submitted January 15, affirmed May 1, 1985

In the Matter of the Compensation of
Susie F. Ragan, Claimant.

RAGAN,
*Petitioner,*

*v.*

FRED MEYER, INC.,
*Respondent.*

(82-00988; CA A32140)

698 P2d 988

Willard E. Merkel, Portland, argued the cause for petitioner. With him on the brief were Donald E. Beer, and Galton, Popick & Scott, Portland.

Jerald P. Keene, Portland, argued the cause for respondent. On the brief were Craig A. Staples, Leslie J. Mackenzie and Roberts, Reinisch & Klor, P.C., Portland.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Claimant seeks judicial review of an order of the Workers' Compensation Board affirming the referee's award of 52.5 degrees for loss of her right forearm. She also seeks review of a previous Board order which affirmed the denial of her request for surgery. Employer moved to dismiss the petition for review insofar as it relates to the latter order.

We first address the motion to dismiss. Claimant sustained a compensable injury to her right wrist when she slipped and fell on her right hand. The injury occurred on April 6, 1980, and she filed a claim for compensation on April 9, 1980. A series of determination orders resulted in an award of 52.5 degrees for loss of her right forearm on March 3, 1981. On March 2, 1981, employer received a letter from claimant's doctor requesting authorization for surgery on her right wrist. Employer denied the request for surgery for the reason that the condition for which surgery was requested was not related to the industrial injury.

Claimant requested review of the determination order and of employer's denial of the request for surgery. The referee overturned employer's denial but held that claimant was not entitled to additional temporary total disability. The referee withheld review of the extent of disability until after the surgery was completed and claimant's condition was reevaluated.

Claimant appealed to the Board, contending that the claim should be reopened and that she was entitled to temporary total disability benefits. Employer contended that the referee's decision overturning its denial of authorization for surgery was erroneous. The Board reversed the referee, upheld the denial and remanded to the referee for determination of the extent of disability of the compensable part of the claim. The order on remand was issued May 27, 1983. Claimant did not appeal the Board's order, and the referee subsequently, on September 29, 1983, issued an order affirming the determination order.

On October 6, 1983, claimant appealed the referee's order to the Board, contending that the award of compensation was insufficient, and requested that the Board reconsider its earlier order upholding employer's denial of claimant's

request for surgery. The Board affirmed the referee's award of compensation. Regarding the request for reconsideration, the Board said:

"* * * We are not certain, however, whether we have authority to reconsider our prior order. *See Price v. SAIF,* 296 Or 311, [675 P2d 479] (1984). Assuming, without deciding that we have such authority, we adhere to our prior order."

Claimant petitioned for review of the Board's order affirming the award of compensation and the order of May 27, 1983, upholding employer's denial of surgery.

Employer moved to dismiss the petition for review of the May 27, 1983, order, citing *Price v. SAIF,* 296 Or 311, 675 P2d 479 (1984). It argues that *Price* held that an order upholding a partial denial is appealable and that, therefore, claimant's petition for review was untimely, because it was filed more than 30 days after the Board's order was issued.

Claimant contends that she sought reopening of her claim for surgery, that the Board's order in effect denied reopening of the claim and that that is not the same as upholding a partial denial. Consequently, claimant argues, *Price* is inapplicable. In the alternative, she contends that the Board's order of May 27, 1983, was issued before the Supreme Court's decision in *Price* and that she did not seek review of the Board's order because of our decision in *Jones v. SAIF,* 49 Or App 543, 619 P2d 1342 (1980), which held that such orders were not appealable. She contends that *Price* should not be applied retroactively to deny her review.

*Price v. SAIF, supra,* involved procedural facts markedly similar to those involved in the case under review. The claimant had suffered a low back strain at work. His claim was accepted, and he received treatment for a compensable injury. After he returned to work, he experienced chest pains. SAIF denied that portion of his claim relating to the chest pains. Claimant appealed the denial of compensability of his chest pains and the extent of disability of his low back injury. The referee overturned SAIF's denial of the claim for chest pains. On review of the referee's order, the Board reversed the order and upheld the denial. It then remanded the claim to the referee for determination of the extent of disability of the back condition. Claimant filed a petition for review in this court, and we dismissed the petition as premature.

On review, the Supreme Court noted that partial denials of a portion of a single claim are a recognized procedure in workers' compensation practice. The court held that the Board's affirmance of a partial denial finally determines that issue and is appealable, even though determination of the extent of disability of the compensable portion of the claim is still in litigation. The court noted that nothing further could be accomplished regarding the denied portion of the claim by the referee on remand.

We do not agree with claimant that there are material distinctions between *Price* and the case at issue. In *Price,* the Board upheld SAIF's partial denial that the claimant's chest pains were related to his compensable back injury. Here, the Board affirmed employer's partial denial of a relationship between claimant's wrist condition for which surgery was requested and her compensable injury. The portion of the Board's order affirming the partial denial could have been appealed. That much is clear from the decision in *Price.*

It does not necessarily follow that claimant must have petitioned for review of the affirmance of the partial denial within 30 days as required by ORS 656.295(8) in order to preserve an appellate challenge to the Board's decision. The Board's order did not dispose of all of the claim; it was remanded to the referee for determination of the extent of disability. The Supreme Court in *Price* upheld the right of the claimant to appeal a final determination of part of the claim; it did not discuss whether or hold that a claimant's appeal rights expired within 30 days of the order. ORS 656.295.

An appeal of the portion of the Board's order remanding the claim to the referee would have been premature. *Jones v. SAIF, supra.* Claimant could wait until the claim was finally determined to appeal and raise all issues relating to the claim. In the circumstances of this case, it is claimant's option to appeal the partial denial or await final determination of the balance of the claim.

A claimant can properly raise all issues respecting the claim in an appeal from an order which finally disposes of the claim. This claimant is not foreclosed from review of the partial denial because she awaited final determination of the balance of the claim and did not seek review of the partial

denial at the earlier opportunity that *Price v. SAIF, supra,* states she had. Employer's motion to dismiss is denied.

On the merits of the appeal of the Board's decision upholding employer's partial denial, we have reviewed the record and concur with the Board's decision which demonstrates an exhaustive analysis of the conflicting medical opinions. We also agree with the Board that the referee was correct in his determination of the extent of disability.

Affirmed.