Argued and submitted September 20, 1985, reversed and remanded February 26, 1986

In the Matter of the Compensation of
David M. Lindamood, Claimant.

## LINDAMOOD,
*Petitioner,*

*v.*

## SAIF CORPORATION et al,
*Respondents.*

(82-04069; CA A34516)

714 P2d 1057

James L. Edmunson, Eugene, argued the cause for petitioner. With him on the brief were Christopher D. Moore, and Malagon & Associates, Eugene.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause for respondent SAIF Corporation. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

No appearance for respondent Springfield Utility Board.

Before Richardson, Presiding Judge, and Warden and Newman Judges.

RICHARDSON, P. J.

**RICHARDSON, P. J.**

In this workers' compensation case, claimant entered into a disputed claim settlement with SAIF for $9,500 "in full and final settlement of all claims." The agreement was approved by a referee pursuant to ORS 656.289(4). Two days later his employer notified him that, pursuant to the union contract, a portion of his accrued sick leave would be deducted as a result of the time loss due to the injury. Claimant requested a hearing, seeking recourse for employer's "failure to abide by disputed claim settlement" and its attempt to "collect overpayment not provided for."

The referee found that there had been a material mistake of fact, set aside the approved settlement and reinstated the original request for a hearing on the compensability of the claim. The referee then issued an "Amended Interim Order," which required claimant to return the money paid pursuant to the settlement, and denied SAIF's request to designate the order as final and appealable. SAIF appealed to the Board, arguing that the referee had exceeded her authority in setting the settlement aside and that, in any case, there was no material mistake of fact sufficient to justify setting the settlement aside. Claimant argued that the referee's order was not final, and thus not appealable, because the issue of compensability remained to be resolved by a hearing before the referee.

The Board, citing *Price v. SAIF*, 296 Or 311, 675 P2d 479 (1984), concluded that the order was final, because all the issues presented for determination—the terms and enforceability of the settlement, and by implication its validity—had been resolved at the hearing level. However, the Board reversed the referee and ordered reinstatement of the approved settlement, because it concluded that the effect of the union contract provision was not a material consideration of either party in resolving their dispute. This order is now before us on claimant's petition for review.

Claimant contends that, because the referee's order was not final, the Board did not have jurisdiction to review. We agree. The referee's order left unresolved the fundamental issue of compensability. This court has consistently held that such orders are not final and may not be appealed.

In *Mendenhall v. SAIF,* 16 Or App 136, 517 P2d 706, *rev den* (1974), the Board held that a claim was not untimely filed, reversed the referee's order of dismissal and ordered that the case be remanded for a hearing on compensability. We held that that was not an appealable final order, citing *Winters et al. v. Grimes et al.,* 124 Or 214, 264 P 359 (1928), for the requirement that an order "must be one which determines the rights of the parties so that no further questions can arise before the tribunal hearing the matter." 16 Or App at 138. We concluded: "A decision which does not either finally deny the claim, or allow it and fix the amount of compensation, is not a final decision." 16 Or App at 139; *see also Jones v. SAIF,* 49 Or App 543, 619 P2d 1342 (1980) (order reopening claim upon finding claimant was not vocationally stationary held not appealable).

SAIF contends that this case is analogous to *Price v. SAIF, supra,* which involved a compensable back injury and a heart condition allegedly caused by the same injury. The Supreme Court held that review of the portion of the order which denied the heart claim was proper even though the extent of disability on the compensable back claim had not been resolved. In *Dean v. SAIF,* 72 Or App 16, 695 P2d 90, *rev den* 298 Or 822 (1985), we concluded that *Price* was limited to the partial denial situation and did not otherwise change existing law regarding what is a final order. We reaffirm that holding.

Assuming, without deciding, that the referee did not exceed her authority, we hold that the order was not a final reviewable order. Accordingly, the Board's order is reversed, and the case is remanded for a hearing on the issue of compensability.

Reversed and remanded.