Argued and submitted December 10, 1992, reversed and remanded for
reconsideration January 5, 1994

In the Matter of the Compensation of
Arlene J. Koitzsch, Claimant.

Arlene J. KOITZSCH,
*Petitioner,*

*v.*

LIBERTY NORTHWEST
INSURANCE CORPORATION
and Agripac, Inc.,
*Respondents.*

(90-13984; CA A74860)

866 P2d 514

Linda C. Love argued the cause and filed the brief for petitioner.

James D. McVittie, Appellate Counsel, Liberty Northwest Insurance Corporation, argued the cause and filed the brief for respondents.

Before Richardson, Chief Judge, and Deits, Judge, and Durham, Judge pro tempore.

DURHAM, J. pro tempore

## DURHAM, J. pro tempore

Claimant seeks review of an order of the Workers' Compensation Board that rejected her claim for additional disability compensation. She contends that the Board erred in considering the findings of a doctor who was not her treating physician. We review for errors of law, ORS 656.298(6); ORS 183.482(8), and reverse.

The referee awarded claimant, a former cannery worker, 34 percent permanent partial disability for her carpal tunnel syndrome. The degree of disability included impairment from loss of sensation. Claimant's physician, Dr. Johnson, found that claimant suffered from a total loss of sensation. Employer referred claimant to Dr. Nathan, who found only a partial loss of sensation. Nathan also criticized many of Johnson's findings. The referee relied on Nathan's impairment findings in awarding 34 percent disability.

Claimant appealed to the Board, arguing that ORS 656.245(3)(b)(B) allows consideration only of the impairment findings by her attending physician for purposes of evaluating her disability. That subparagraph provides, in part:

> "Except as otherwise provided in this chapter, only the attending physician at the time of claim closure may make findings regarding the worker's impairment for the purpose of evaluating the worker's disability."[1]

---

[1] One of the disability rating procedures "otherwise provided" by chapter 656 is the provision for arbiters to resolve all disagreements over the rating of disability in the claim closure. ORS 656.268 provides, in part:

"(4) * * *

"* * * * *

"(e) If a worker objects to the notice of closure, the worker first must request reconsideration by the department under this section.

"* * * * *

"(7) If the basis for objection to a notice of closure or determination order issued under this section is disagreement with the impairment used in rating of the worker's disability, the director shall refer the claim to a medical arbiter appointed by the director. At the request of either of the parties, a panel of three medical arbiters shall be appointed. * * * The findings of the medical arbiter or panel of medical arbiters shall be submitted to the department for reconsideration of the determination order or notice of closure, and no subsequent medical evidence of the worker's impairment is admissible before the department, the board or the courts for purposes of making findings of impairment on the claim closure."

The Board concluded that the referee improperly based his disability award on Nathan's findings, but reasoned that employer could use those findings "for purposes of supporting or impeaching the opinion and ratings offered by Dr. Johnson." The Board concluded that Johnson's findings of impairment were not reliable and that claimant, consequently, had failed to meet her burden to prove entitlement to a greater disability award. The Board affirmed the referee's award, because employer did not argue that it should be reduced. Claimant assigns error to the Board's reliance on Nathan's impairment findings, because he was not the attending physician.

■■  Our goal in interpreting the statute is to discern the legislative intent. ORS 174.020; *Porter v. Hill*, 314 Or 86, 91, 838 P2d 45 (1992). We look first to the statute's text and context. If those sources do not disclose the legislature's intent, we resort to legislative history. *Bartz v. State of Oregon*, 314 Or 353, 357, 839 P2d 217 (1992).

■  ORS 656.245(3)(b)(B) is ambiguous, because it is capable of more than one reasonable interpretation and does not expressly foreclose use of an independent medical examiner's findings for impeachment. The context of the statute does not indicate the legislature's intended meaning. Therefore, we look to legislative history. ORS 656.245(3)(b)(B) was added during the 1990 special session. Or Laws 1990, ch 2, § 10. One goal of the special committee that considered the comprehensive changes to the workers' compensation laws in 1990 was to reduce the costs created by independent medical examinations. Representative Bob Shiprack of the special committee explained:

> "There's also some dramatic cuts in litigation costs. The elimination of the independent medical exams on extent of disability, for instance. Significant savings there." Tape Recording, Special Committee on Workers' Compensation, May 3, 1990, Tape 6, Side B at 270.

Senator Joyce Cohen, a member of the same committee, responded to a witness' concern about problems created by independent medical examination:

> "The independent medical exams have been essentially removed * * * at least in the same configuration that they are being used now." Tape Recording, Special Committee on

Workers' Compensation, May 4, 1993, Tape 11, Side A at 210.

Those references indicate that the legislature intended to eliminate Board reliance on independent medical examinations as a basis for its evaluation of a worker's disability. The objective of the statute was to save employers the cost of such examinations and to require the Board to consider only the attending physician's impairment findings in evaluating a disability. The Board's interpretation defeats that objective, because it invites employers to pay for independent medical examinations that might develop findings that employers could use to impeach the attending physician's findings. The legislature intended to eliminate the incentive to incur those costs.

We recognize the distinction between offering an independent medical examiner's impairment findings for impeachment, rather than as proof of employer's factual contention regarding the extent of impairment. However, the statute does not make that distinction. An independent medical examiner's impairment findings that the employer offers for impeachment are, nonetheless, findings regarding the worker's impairment that evaluate the disability. The legislature intended to permit only the attending physician to make such findings. The Board violated ORS 656.245(3)(b)(B) by receiving and considering the impairment findings of an independent medical examiner.

Because the Board relied on Nathan's impairment findings, we cannot say that the Board would have reached the same result despite that error. We remand for reconsideration of the record in compliance with ORS 656.245 (3)(b)(B).

Reversed and remanded for reconsideration.