Argued and submitted June 21, reversed and remanded for reconsideration
July 19, 1995

In the Matter of the Compensation of
Arlene J. Koitzsch, Claimant.
## LIBERTY NORTHWEST INSURANCE CORPORATION
and Agripac Incorporated,
*Petitioners,*

*v.*

Arlene J. KOITZSCH,
*Respondent.*

(90-13984; CA A86659)

899 P2d 724

Barbara Woodford argued the cause and filed the brief for petitioners.

James L. Edmunson argued the cause for respondent. With him on the brief was Linda C. Love.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

## LANDAU, J.

Employer seeks review of an order of the Workers' Compensation Board awarding claimant attorney fees to be paid by the carrier and not out of compensation. We reverse.

The facts relevant to our review are uncontested. Claimant petitioned for judicial review of an order of the Board that rejected her claim for additional disability compensation. We reversed and remanded for reconsideration. *Koitzsch v. Liberty Northwest Ins. Corp.*, 125 Or App 666, 866 P2d 514 (1994). On remand, the Board ultimately increased claimant's award of permanent partial disability. It awarded claimant's attorney 25 percent of the increased compensation award and, in addition, awarded an attorney fee to be paid by the carrier and not out of compensation. The Board relied on ORS 656.388(1) and its own cases construing that statute to permit an award of carrier-paid attorney fees. Employer appeals, assigning error to that award. Employer argues that ORS 656.388(1), as we have previously construed it, permits only an award of fees out of compensation. Claimant argues that we should defer to the Board's construction of the statute as reasonable.

■ Our review of an agency's construction of a statutory provision depends on the type of statutory terms involved. *Springfield Education Assn. v. School Dist.*, 290 Or 217, 223, 621 P2d 547 (1980). In this case, it is undisputed that the terms are "inexact." Accordingly, our task is to determine whether the agency has erroneously interpreted the law. *England v. Thunderbird*, 315 Or 633, 638, 848 P2d 100 (1993).

■ We begin with the text and context of the statute, which includes both prior versions of the statute and prior judicial construction of it. *Mathel v. Josephine County*, 319 Or 235, 239-40, 875 P2d 455 (1994). ORS 656.388(1) provides:

"No claim or payment for legal services by an attorney representing the worker or for any other services rendered before a referee or the board, as the case may be, in respect to any claim or award for compensation to or on account of any person, shall be valid unless approved by the referee or board, or if proceedings on appeal from the order of the board with respect to such claim or award are had before any court,

unless approved by such court. In cases in which a claimant finally prevails after remand from the Supreme Court, Court of Appeals or board, then the referee, board or appellate court shall approve or allow a reasonable attorney fee for services before every prior forum.''

In *Greenslitt v. City of Lake Oswego*, 88 Or App 94, 744 P2d 577 (1987), *aff'd* 305 Or 530, 754 P2d 570 (1988), we reviewed the current and former versions of that statute. We noted that under the prior versions of ORS 656.388(1), attorney fees could be paid only from a claimant's compensation award. We further noted that ''intervening amendments have not made any relevant changes.'' *Id.* at 97.

The legislature has recently amended ORS 656.388(1), Oregon Laws 1995, chapter 332, section 44, and claimant concedes that the amended statute expressly prohibits carrier-paid attorney fees. It is not necessary, however, for us to determine whether those amendments apply to this case, because we hold that, even before the 1995 amendments, the statute did not allow an award of carrier-paid fees.

Reversed and remanded for reconsideration.