Argued and submitted March 4; resubmitted En Banc June 10, affirmed
August 26, 1998

In the Matter of the Compensation of
Arlene J. Koitzsch, Claimant.

LIBERTY NORTHWEST INSURANCE CORPORATION
and Agripac, Inc.,
*Petitioners,*

*v.*

Arlene J. KOITZSCH,
*Respondent.*

(WCB 96-01318; CA A98570)

964 P2d 1071

Barbara Woodford argued the cause and filed the brief for petitioners.

Linda C. Love argued the cause for respondent. With her on the brief was Craine & Love.

DEITS, C. J.

Edmonds, J., dissenting.

**DEITS, C. J.**

Employer seeks review of a Workers' Compensation Board order that increased claimant's earlier permanent partial disability (PPD) award, based on the Board's conclusion that an intervening statutory change in the PPD rate applies retroactively to the award. We affirm.

In 1989, claimant filed a claim for an occupational disease. The Board issued an order awarding PPD to her. Claimant sought our review, contending that the Board erred in establishing the number of degrees of PPD. We reversed and remanded to the Board for reconsideration of that issue. *Koitzsch v. Liberty Northwest Ins. Corp.*, 125 Or App 666, 866 P2d 514 (1994). Following our remand, the Board issued a second order in November 1994, which increased the number of degrees of PPD, awarded an out-of-compensation attorney fee and awarded an attorney fee to be paid by the carrier directly to claimant's attorney. Employer's insurer paid the PPD award at the rate of $145 per degree, the statutory rate in effect when claimant filed the claim. *See former* ORS 656.214(2) (1987) (establishing the rate).

Employer petitioned for judicial review of the 1994 order. Its contentions to us were directed only at the carrier-paid attorney fee award, and neither claimant nor employer raised any issue regarding the award of PPD. We reversed and remanded to the Board regarding the attorney fee issue in July 1995. *Liberty Northwest Ins. Corp. v. Koitzsch,* 135 Or App 524, 899 P2d 724 (1995). Some time after our second remand, claimant requested that the Board increase the PPD award, because the 1995 legislature had changed the PPD rate to $347.51 per degree, ORS 656.214(2), and had provided that the amended statute was to be applied retroactively. Or Laws 1995, ch 332, §§ 17, 66(1).[1] The Board concluded that a ruling regarding the applicable rate was "premature" at that time and that

"[s]hould claimant disagree with the insurer's actions in paying the permanent disability awarded in this case, she

---

[1] In the remainder of this opinion, we will generally refer to the 1995 Act as "chapter 332."

may seek a hearing concerning that matter. *See* ORS 656.283(1). *The issue would be ripe at that time."* (Emphasis supplied.)

In February 1996, claimant sought a hearing regarding the applicable rate. Both the ALJ and the Board agreed that the higher statutory rate applies retroactively because judicial review of the 1994 order was pending when the new law went into effect in June 1995. The Board explained:

> "Although the insurer's appeal [in the Court of Appeals] was limited to the attorney fee issue, the * * * 1994 order nevertheless was not 'final' within the meaning of ORS 656.295(8) and section 66 of the 1995 Act. A Board order is not 'final' so long as 'one of the parties' timely appeals to the court for judicial review. Thus, the fact that the insurer's appeal was limited to the attorney fee issue is immaterial to the finality of the Board's order. Due to the insurer's appeal of the Board's order, the order did not become final until after the effective date of the Act."

■ ■ Employer seeks review of the Board's order and assigns error to its ruling that the increased PPD rate applies. The issue is whether the provision in chapter 332 that increased the rate applies retroactively to this claim. Section 66(1) of chapter 332 provides:

> "Notwithstanding any other provision of law, this Act applies to all claims or causes of action existing or arising on or after the effective date of this Act, regardless of the date of injury or the date a claim is presented, and this Act is intended to be fully retroactive unless a specific exception is stated in this Act."

However, section 66(5)(a) creates the following exception to the act's retroactive operation:

> "The amendments to statutes by this Act and new sections added to ORS chapter 656 by this Act do not apply to any matter for which an order or decision has become final on or before the effective date of this Act."

Also relevant is ORS 656.295(8), which provides:

> "An order of the board is final unless within 30 days after the date of mailing of copies of such order to the parties, one of the parties appeals to the Court of Appeals for

judicial review pursuant to ORS 656.298. The order shall contain a statement explaining the rights of the parties under this subsection and ORS 656.298."

In *Volk v. America West Airlines*, 135 Or App 565, 899 P2d 746 (1995), *rev den* 322 Or 645 (1996), we interpreted sections 66(1) and (5)(a), in context with ORS 656.295(8), and concluded that the

"legislature intended the changes in the law to apply to Board orders for which the time to appeal had not yet expired on the effective date of the Act or, if the case had been appealed, to any case that was still pending before the court on the effective date of the legislation." *Id.* at 569.

We noted further in *Volk* that, to whatever extent the text and context might not be conclusive, "the legislative history supports the same interpretation." *Id.* We emphasized the following comments by the sponsor of chapter 332 that we quoted from the legislative history:

" 'There's only one part of the implementation dates, I think, probably needs a real flat statement on the record and that is that the retroactivity also applies to cases in which a final order has not yet issued in litigation. There's a bunch of cases in the system right now that have been decided by different factfinders under two or three different versions of the law depending on whether the Board interpretation or the Court of Appeal's interpretation or the Supreme Court interpretation was in effect at that time and this says 'this law applies to everything no matter where it is unless you have already been to court, had it decided and there's a decision been rendered and the decision is not subject to being appealed anymore.' Otherwise, except with the exceptions here, this is the law for everybody and we'll go out and apply it whether it's pro-worker or pro-employer.

"\* \* \* \* \*

" '[T]he amendment, sub-5 will be "the amendments to this chapter do not apply to any matter for which an order or decision has become final as of the date of passage of this Act"—the old concept of *res judicata*; you litigate it, it's over, we're not going back and reopening litigation.' " *Id.* at 570-72.

Based on the foregoing, we concluded in *Volk* that the chapter 332 provisions that related to the issue in the case applied

retroactively to it, "because review of the Board's order was sought, but was not finally resolved by the courts at the time of the effective date of the Act[.]" *Id.* at 573.

Employer contends that this case differs from *Volk* in a critical respect; namely, that although the Board's 1994 *order* was on appeal to this court at the time of the act's effective date, the parties presented no question in the appeal about the resolution of the PPD *issue* in that order. Employer reasons that the PPD award was therefore a "matter" as to which the 1994 order had become final, notwithstanding the fact that the order itself had been appealed, and that the PPD award accordingly comes within the exception to retroactivity set forth in section 66(5)(a). Hence, according to employer, the increase in the PPD rate under chapter 332 cannot be applied retroactively to the 1994 award.

Claimant responds that the proper inquiry is whether the 1994 order had become final, and that, under *Volk*, the fact that the appeal from it was pending on the effective date means that it had not. According to claimant, particular issues that are addressed in a Board order do not become "final," within the meaning of section 66(5)(a), independently of the order itself. Therefore, if the order was on appeal when chapter 332 took effect, the order as a whole was not final at that time, and it is immaterial to the retroactivity question under chapter 332 that no specific challenge was made in the appeal to any particular ruling or issue addressed in the order.

We agree with claimant. Employer's argument hinges on its understanding that the word "matter" in section 66(5)(a) refers to a component part of the Board's disposition of a claim and signifies that that part can achieve "finality" independently of the order that contains it. That understanding is contrary to the language of section 66(5)(a) itself. The section does not refer to *matters* that have become final, but to any matter *for which an order or decision* has become final."[2] (Emphasis supplied.) The emphasized phrase would

---

[2] Employer's argument makes no point about the word "decision" in the quoted statutory language. However, the legislative history that we quoted in *Volk* and have reiterated here indicates that the word refers to a final judicial decision in an appeal from an order.

have been superfluous if the legislature had meant that "matters" within orders can become final separately and independently of the orders that contain or rule on them.

■ The statutory context is also contrary to employer's understanding. ORS 656.295(8) provides that a Board *order* is final unless an appeal from it is taken to this court within the statutorily specified period. Thus, if an order *is* appealed, the order itself does not become final until there is a final decision on appeal. ORS 656.295(8) supports the view that "finality" is a property of the *order*, not *parts* of the order. Further, ORS 656.295(8) makes it clear that the order is the thing that is appealable to this court. As in other appellate contexts, *e.g.*, appeals from circuit court judgments, this court obtains jurisdiction over the entire case when an appeal is taken from the judgment or order. As a general proposition, as long as an appeal is pending, finality does not attach piecemeal to the parts of a judgment or order that are not placed in direct controversy by the parties' assignments or arguments in the appeal; it attaches to the case as a whole after the appellate process is complete.[3]

That that general proposition holds true in workers' compensation cases is demonstrated by the Supreme Court's statement in *Drews v. EBI Companies*, 310 Or 134, 149, 795 P2d 531 (1990), that, for purposes of issue or claim preclusion:

> "A claim determination is not final until hearing and judicial review rights are barred or exhausted. The statutory scheme indicates that the finality requisite for claim or issue preclusion, against the worker, occurs only when a worker fails to timely request a hearing after a claim denial, a determination order, or a notice of claim closure, ORS 656.319, or by failure to file a timely appeal to the Board, ORS 656.289(3), or the courts. ORS 656.295(8)."

Hence, under *Drews*, the PPD award in the 1994 Board order, which employer argues became a final "matter" under section 66(5)(a) independently of the order itself, could

---

[3] In the workers' compensation setting, as in others, the underlying proceedings can have certain effects that continue during or are not affected by the taking of an appeal, *e.g.*, interim compensation. However, that is not the same issue as the one this case presents.

not even have been final for purposes of issue preclusion once employer appealed from the order and as long as the appeal was pending. For the reasons discussed earlier, however, section 66(5)(a) does not create that anomaly: It makes the finality of the "order" essential to the finality of the "matters" it contains and is therefore fully consistent with *Drews* and the other related statutory and judicial authority we have discussed.[4]

Ultimately, this case turns on a precise understanding of terms that entail somewhat subtle shades of meaning and that are often used colloquially in ways that differ from their precise meaning. For example, employer states that

"the permanent disability award matter was finally resolved and not on appeal. Only the attorney fee matter was on appeal."

However, *issues (or matters)* are not appealed; *orders* are appealed, and issues are simply a matter for assignments and arguments within the appeal after it has been brought. The appellate courts directly consider only the issues that the parties raise, but their decision nonetheless entails a disposition of the entire order from which the appeal is taken. *See, e.g.,* ORS 183.482(8); ORS 656.298(1), (7).

Similarly, the term "finality," as used in connection with issues, orders and their disposition on appeal, also has a precise meaning that differs from the one posited in employer's argument. Employer uses the term in a sense that is synonymous with "conclusive" or even "preserved." That would be a correct understanding of the term if the question

---

[4] Our mention of issue and claim preclusion is intended to serve only the illustrative purpose set out in the text. Unlike the dissent, we do not regard either form of preclusion to be a decisive issue in this case. Indeed, employer does not raise the preclusion doctrines at all, much less seek reversal on the basis of them. In any event, the dissent's discussion of preclusion does not seem to us to advance its position. Insofar as it relies on the 1994 order and/or claimant's not challenging the PPD award in it, the dissent appears to be transposing the "finality" requirement of the preclusion doctrines and the "finality" exception to retroactivity under chapter 332. At best, the dissent's preclusion discussion in connection with the 1994 order begs the real question, *i.e.*, the meaning of the statute. Further, insofar as the dissent relies on the Board's November 15, 1995, order on remand as having a preclusive effect, it does not explain how an order that refuses to rule on an issue on grounds of prematurity can have any preclusive effect on a subsequent adjudication of the issue.

here were whether claimant could have relitigated the original 1994 PPD award before the Board, upon our remand of the order; further, the answer to that question would probably be "no," because the PPD issue was not raised in the appeal to us from that order, and our remand to the Board did not encompass the issue. However, that is not the question presented here. Rather, the question is whether the Board's ruling on the issue became *dispositionally* final before the appeal from the entire order was decided. The answer to that question is also "no."

Employer also relies on *Price v. SAIF*, 296 Or 311, 675 P2d 479 (1984), in support of its thesis that an order can be final as to one issue but not another. In that case, the claimant sought compensation for a back condition and for a putatively related heart condition. SAIF issued a partial denial for the heart condition. The Board affirmed that denial but, in the same order, it remanded the issue of the extent of disability for the accepted back condition to the hearings officer. The Supreme Court held that the Board's disposition of the heart condition issue was final and appealable to the Court of Appeals, even though the other ruling in the order was not.

Claimant argues, and the Board concluded, that *Price* is inapposite, because it dealt with whether part of an order can be final for purposes of *appealability*, not with the different question involved here, of whether an order can be *dispositionally* final in part and nonfinal in part when a proper appeal has been taken from it. We agree that the questions are different. In addition, however, this case differs from *Price* in that there is no partial denial issue here. In *Dean v. SAIF*, 72 Or App 16, 695 P2d 90, *rev den* 298 Or 822 (1985), and *Lindamood v. SAIF*, 78 Or App 15, 18, 714 P2d 1057 (1986), we concluded that "*Price* was limited to the partial denial situation and did not otherwise change existing law regarding what is a final order."[5] *Price* is not relevant to the issue presented in this case.

---

[5] We summarized the "existing law" in *Mendenhall v. SAIF*, 16 Or App 136, 138, 517 P2d 706, *rev den* (1974), where we said that, to be final for purposes of appealability, a Board order "must be one which determines the rights of the parties so that no further questions can arise before the tribunal hearing the matter."

We conclude, based on the text and context of the relevant provisions, that an issue or "matter" does not become "final," within the meaning of section 66(5)(a) of chapter 332, until the Board order dealing with the matter or the appellate review of the order becomes final. It follows that the PPD award in the 1994 order was not final when chapter 332 took affect and that the Board was correct in increasing the award pursuant to that act.

Affirmed.

**EDMONDS, J.,** dissenting.

At the heart of the disagreement between the majority and myself is the issue of whether claimant subsequently can recover permanent partial disability (PPD) at a rate that was not in effect at the time that the order on the extent of PPD became final. Because I believe that the majority's analysis is contrary to the principles of issue preclusion and what the legislature intended when it amended the Workers' Compensation Law in 1995, I dissent.

The Board awarded 78 degrees for 52 percent PPD to claimant in 1994 in WCB case No. 90-13984, after we remanded for reconsideration of the extent of her disability. *Koitzsch v. Liberty Northwest Ins. Corp.*, 125 Or App 666, 866 P2d 514 (1994). Claimant did not seek review of the Board's ruling. Accordingly, employer's insurer paid the PPD award in a lump sum at the rate of $145 per degree of impairment, the statutory rate in effect at the time, on November 18, 1994. *See* ORS 656.202(2) (providing that awards be paid "in the amounts provided for, by the law in force at the time the injury giving rise to the right to compensation occurred"); ORS 656.214(2) (1987) (establishing the rate of compensation at that time).

In addition to awarding PPD to claimant in 1994, the Board also awarded a to-be-paid out-of-compensation attorney fee to claimant's attorney and for the first time, an attorney fee to be paid directly by the insurer to claimant's attorney. Employer sought review only as to the order that it pay an attorney fee directly to claimant's attorney. On review, we held that the Board had exceeded its authority and remanded to the Board for reconsideration in July 1995.

*Liberty Northwest Ins. Corp. v. Koitzsch*, 135 Or App 524, 899 P2d 724 (1995). On remand, claimant sought an award for the first time from the Board of an additional amount of money for her PPD at the rate of $347 per degree for the impairment that had been adjudicated in 1994. She did not contend that her disability had increased; rather, she argued that she was entitled to additional compensation for the prior award because the 1995 legislature had increased the rate of PPD while review was pending on employer's appeal. The Board rejected claimant's request, reasoning that any ruling on an increased rate of PPD would be premature.[1] The Board issued its order on remand on November 15, 1995. That order does not make an award of PPD or mention the 1994 order. It vacates the portion of the previous order that granted a carrier-paid attorney fee and declines to rule on claimant's request that the prior award of PPD be paid at the higher rate. Neither party sought review of the November 15, 1995, order.

In February 1996, claimant filed a new request for hearing with the Hearings Division, claiming that the previously awarded PPD had not been paid at the proper rate. That request was designated as WCB case No. 96-01318, which is the case presently before us. Before the administrative law judge (ALJ), claimant stipulated that the November 15, 1995, order in WCB case No. 90-13984 was final. However, she asserted that she was entitled to additional monies for her impairment as a result of the retroactivity provisions of the 1995 amendments that had increased the rate of compensation for PPD. Employer pointed out that it had paid the PPD awarded in 1994 at the rate then in effect and before the

---

[1] The Board said:

"Consequently, we find that at this juncture, any ruling regarding the applicable rate for claimant's permanent disability benefits would be premature and advisory in nature. *See, e.g., David J. Aronson*, 47 Van Natta 1948 (October 6, 1995); *see also James J. Sheets*, 44 Van Natta 400 (1992)."

In *Aronson,* the claimant also requested the higher rate of PPD in light of the 1995 amendments. The Board reasoned that because the insurer had yet to process its prior order withdrawing an order affirming the ALJ's order that increased the claimant's PPD award, any ruling regarding the applicable rate would be premature. It pointed out that if the claimant subsequently disagreed with the insurer's action, it could seek a hearing under ORS 656.283(1). This case differs in that the insurer had processed and paid claimant's PPD in 1994.

effective date of the amendments. Nevertheless, the ALJ reasoned that because ORS 656.214[2] provided for the payment of PPD at the rate of $347 per degree at a time when WCB case No. 90-13984 was still pending, claimant was entitled to the increased rate. Employer appealed to the Board. The Board agreed with the ALJ's, reasoning:

> "Although the insurer's appeal was limited to the attorney fee issue, the November 10, 1994 order nevertheless was not 'final' within the meaning of ORS 656.295(8) and section 66 of the 1995 Act. A Board order is not 'final' so long as 'one of the parties' timely appeals to the court for judicial review. Thus, the fact that the insurer's appeal was limited to the attorney fee issue is immaterial to the finality of the Board's order. Due to the insurer's appeal of the Board's order, the order did not become final until after the effective date of the Act."

Employer seeks review of the Board's latest order. It argues that the PPD award was made and paid in 1994 at the rate in effect at the time and that the Board's order is final to that matter. Consequently, it asserts that claimant is precluded from requesting compensation at the higher rate. Claimant argues that she is entitled to the increased rate of PPD under the 1995 amendments because they were in effect at the time that the Board vacated its award for carrier-paid attorney fees in November 1995 and that there was no prior final order on the rate of PPD.

The fact that the unappealed November 1994 order is the last order that awards PPD and the fact that claimant did not seek review of that order or the subsequent November 15, 1995, order which held that her request was premature raises issues regarding issue preclusion. In general, the doctrine of claim and issue preclusion applies to workers' compensation cases. *Drews v. EBI Companies*, 310 Or 134, 142, 795 P2d 531 (1990). Issue preclusion precludes future litigation on issues when they have been actually litigated and determined in a setting where the determination is essential

---

[2] ORS 656.214(2) provides, in part:

"When permanent partial disability results from an injury, the criteria for the rating of disability shall be the permanent loss of use or function of the injured member due to the industrial injury. The worker shall receive $347.51 for each degree stated against such disability * * *."

to a final decision. It applies to issues of fact or law. *Id.* at 139-40. In workers' compensation cases, issue preclusion rules apply where they "facilitate prompt, orderly and fair problem resolution." *North Clackamas School Dist. v. White*, 305 Or 48, 52, 750 P2d 485, *modified* 305 Or 468, 752 P2d 1210 (1988). Also, issue preclusion may be rendered inapplicable by legislative enactments. Thus,

> "[t]he point at which finality attaches to a statutory administrative proceeding for preclusion purposes will usually be governed by statutory provisions. Indeed, a statutory scheme of remedies may expressly contemplate that successive proceedings may be brought, notwithstanding the finality of the first proceeding. But the statutory scheme will usually spell out the situations where a second proceeding is not precluded by finality of a first proceeding." *Drews*, 310 Or at 142-43.

The above-mentioned principles regarding issue preclusion frame our examination of the applicable statutes and inform our analysis in this case. Oregon Laws 1995, chapter 332, section 66(1), provides:

> "Notwithstanding any other provision of law, this Act applies to all claims or causes of action existing or arising on or after the effective date of this Act [June 7, 1995], regardless of the date of injury or the date a claim is presented, and this Act is intended to be fully retroactive unless a specific exception is stated in this Act."

Subsection 5(a) of section 66 provides:

> "The amendments to statutes by this Act and new sections added to ORS chapter 656 by this Act do not apply to any matter for which an order or decision has become final on or before the effective date of this Act." Or Laws 1995, ch 332, § 66(5)(a).

In this case, the Board entered its only order in WCB case No. 90-13984 regarding PPD in 1994, and employer paid that award. Neither party sought review of the 1994 order. Of course, claimant would have had no occasion to seek review of the rate paid because it was paid at the rate then in effect. No statute in effect in 1994 postponed the finality of that order, once the time for review expired under ORS 656.295(8). In the absence of any statute that would have

postponed the finality of the order on PPD, the doctrine of issue preclusion precludes any subsequent litigation of that issue. *North Clackamas School Dist.*, 305 Or at 52-53. Because the award of PPD and the rate at which it was to be paid were issues actually litigated and determined in a setting where its determination was essential to the final decision reached, claimant is precluded from raising those issues in her 1996 claim.

When claimant requested additional compensation for PPD from the Board on remand in 1995 in WCB case No. 90-13984, the Board denied her request, holding that her procedural remedy was under ORS 656.283(1). That statute provides, in pertinent part, that "any party * * * may at any time request a hearing on any matter concerning a *claim* * * *."[3] (Emphasis supplied.) In other words, the Board did not rule on the entitlement to compensation under the new rate. Rather, it held that as a procedural predicate, she was required to file a new claim for the increased compensation. The Board's ruling constituted an adjudication on the issue of whether claimant could recover the new rate in WCB case No. 90-13984. The Board's decision actually determined that issue, and its determination was essential to the final decision reached. Claimant did not seek review of the Board's order regarding the issue of whether she was required to file a new claim in order to recover the new rate, and it also became final under ORS 656.295(8). Again, the doctrine of issue preclusion precludes her from relitigating that issue in a new claim. *Id.*

The majority attempts to reason around the doctrine of issue preclusion by utilizing the 1995 amendments to the Workers' Compensation Law. According to the majority, the "matter" of the rate of payment of PPD in this case was never the subject of a final order or decision until after the new rate became effective in June 1995 under the amendments. Apparently, the majority believes that the Board's November

---

[3] A " 'claim' means a written request for compensation from a subject worker or someone on the worker's behalf, or any compensable injury of which a subject employer has notice or knowledge." ORS 656.005(6). " 'Compensation' includes all benefits, including medical services, provided for a compensable injury to subject worker or the worker's beneficiaries by an insurer or self-insured employer pursuant to this chapter." ORS 656.005(8).

15, 1995, order in WCB case No. 90-13984 has the legal effect of incorporating the 1994 PPD order so that the 1994 order did not become final until after the 1995 amendments became effective. Its analysis has several flaws.

First, the request for additional compensation before us is not under WCB case No. 90-13984. Claimant's request has the status of a new claim under ORS 656.283. She does not seek review from any order or decision in WCB case No. 90-13984 or the November 15, 1995, order, having stipulated to the ALJ that the latter became final. Therefore, it is legally impossible for us to enter an order in that case. Second, the majority does not deal with the legal significance of the failure of claimant to seek review from the 1995 order. Third, the 1995 order does not adjudicate the entitlement to PPD at the new rate except by implication. Rather, it determines that the issue was not legally cognizable in WCB case No. 90-13984, a determination not challenged by claimant. Finally, the majority fails to recognize that by enacting the 1995 amendments, the legislature has expressly provided for claim splitting for purposes of finality and issue preclusion. Rather than enacting a statutory scheme that avoids claim preclusion as discussed in *Drews*, the 1995 amendments on retroactivity express a legislative intention to statutorily adopt the doctrine of issue preclusion regarding matters in pending claims that have become final before the effective date of the amendments.

Subsection 5(a) provides a specific exception to the general retroactivity of the 1995 amendments to the Workers' Compensation Law and requires careful scrutiny. Or Laws 1995, ch 332, § 66(5)(a). The legislature did not use the phrase "claim or causes of action" in the exception provision as it did in the general retroactivity provision of the bill. Rather, the exception to retroactivity applies to "any *matter* for which an order or decision has become final * * *." (Emphasis supplied.) In context, a "matter" is an issue that arises within a claim. For instance, ORS 656.283(1) provides that a claimant may request a hearing "on any matter concerning a claim, except matters for which a procedure for resolving the dispute is provided in another statute * * *." The choice of the legislature to use the phrase "matter for

which an order or decision has become final" in the exception clause rather than the words a "claim" or a "cause of action" used in the general retroactivity clause cannot be ignored. The use of different language can only be indicative of the legislature's intent to permit the splitting of issues out of claims for purposes of finality of determinations of matters within the same claim.[4] Under the exception clause, a determination on a matter within a claim on which review was not sought and which became final before the effective date of the amendments is deemed not subject to the 1995 amendments, including the increased rate of PPD.

Also, the majority's decision embodies a policy that is contrary to the legislature's intent to afford finality to adjudications within the workers' compensation system when not appealed. The decision means that the finality of orders or decisions regarding matters does not occur until there is a final order on the claim. If the majority is correct, that means that the legislature must have contemplated that all aspects of a claim pending on June 7, 1995, are subject to reconsideration under the amended statutes, even if litigation on a matter within a claim was not pending. Accordingly, if that had been the intention of the legislature, it would have used the word "claims" in subsection 5(a) rather than the phrase "any matter for which an order or decision has become final."

Moreover, the policy ramifications of the majority's decision conflict with other workers' compensation statutes and upset the harmony between statutes like ORS 656.313 and ORS 656.298(3)(c). ORS 656.313 stays payment of ordered compensation when appealed. Under the statute, an insurer has a duty to pay the compensation within 30 days of the order, if it does not appeal. In this case, employer paid the PPD ordered in 1994, electing not to exercise its right to appeal. Unless the majority is also willing to hold that employer can now appeal the award of PPD decided in 1994, employer finds itself liable for the difference between $147

---

[4] As the Supreme Court has recognized in a different context, "[A Board] order which addresses two separate aspects of the same claim * * * may finally determine one issue but not the other." *Price v. SAIF*, 296 Or 311, 316, 675 P2d 479 (1984). Subsection 5(a) is a reflection of the legislature's intent to create a similar concept for purposes of the retroactivity of the 1995 amendments.

per degree and $347 per degree four years later, having foregone its appeal rights. Also, ORS 656.298(3) requires a petitioner to specify the issues on review including "[a] brief statement of the relief requested and the reasons the relief should be granted." The obvious purpose of the statute is to inform the parties about which matters are to be litigated on appeal and by implication, which rulings can be considered final. When read with ORS 656.295(8),[5] the statutes express a legislative policy of finality that permits parties to rely on the hearing division's rulings as final determinations of matters unless an issue is raised at the next level of review. In light of the majority's analysis, the designation of issues for review no longer has any bearing on the issue of finality.[6]

Finally, our decision in *Volk v. America West Airlines*, 135 Or App 565, 899 P2d 746 (1995), *rev den* 322 Or 645 (1996) does not dictate a contrary result. In that case, the claimant sought review of an order of the Board in which the Board concluded that it lacked authority to order the insurer to pay an attorney fee directly to the claimant's attorney. We first addressed ORS 656.386(2), which had been amended by chapter 332. We framed the issue as "whether the legislature intended the new law to apply in a case such as this where the Board has taken its final action and the matter has been appealed to, but not finally resolved by, the court." *Volk*, 135 Or App at 569. In light of the provisions of ORS 656.295(8), we concluded that "the legislature's intent in subsection (5)(a) of section 66 was to make the new law applicable to matters for which the time to appeal the Board's decision had not expired or, if appealed, had not been finally resolved by the courts." *Id.* at 572-73. We did not decide whether the legislature contemplated that a claim could be split so that a

---

[5] ORS 656.295(8) provides, in part:

"An order of the board is final unless within 30 days after the date of mailing of copies of such order to the parties, one of the parties appeals to the Court of Appeals for judicial review pursuant to ORS 656.298."

[6] The need for a policy of finality is illustrated by the facts in this case involving a claim commenced in 1990, PPD compensation ordered and paid in 1994 and a request for increased compensation pending in 1998 (because of the fortuity of the 1995 amendments). On these facts, it is difficult to believe that the legislature would not have intended the 1994 PPD award to be final in light of the language of subsection 5(a).

matter in a claim could become final while review was pending on a different matter in the claim.

In summary, the law of issue preclusion controls the outcome of this case. The decision of the matter of the rate of PPD became final when claimant did not seek review of the Board's rejection of her request that she be awarded PPD at the higher rate in November 1995. Claimant is now precluded from raising that issue through a new claim made in 1996. Moreover, the payment of PPD in 1994 ended employer's obligation under ORS 656.214(2) when claimant did not seek review of the order on that matter. Subsection 5(a) is an expression by the legislature regarding the splitting of claims so that matters finally decided within a case are accorded the status of final orders. When applied to this case, it makes the 1994 order awarding PPD at the rate of $147 per degree not subject to the retroactivity provisions of the 1995 amendments. For several reasons, we should reverse the Board's decision requiring employer to pay additional PPD at the new rate.

I dissent.