In the Matter of the Compensation of
Marie M. Libbett, Claimant.

Marie M. LIBBETT,
*Petitioner,*

*v.*

ROSEBURG FOREST PRODUCTS,
*Respondent.*

(90-21849; CA A81988)

880 P2d 935

James L. Edmunson argued the cause and filed the brief
for petitioner.

Adam T. Stamper argued the cause for respondent. With
him on the brief was Cowling & Heysell.

Before Rossman, Presiding Judge, and De Muniz and
Leeson, Judges.

ROSSMAN, P. J.

## ROSSMAN, P. J.

██ Claimant has a compensable leg injury. The referee determined that claimant is permanently and totally disabled. The Board reversed the referee, holding that claimant had failed to meet her burden of proof. The only question on review is whether the Board erred in relying on surveillance tapes in evaluating claimant's disability and in finding that claimant had not accurately depicted her physical limitations at the hearing or to the doctors who had evaluated the extent of her disability.

ORS 656.245(3)(b)(B) provides, in part:

"Except as otherwise provided in this chapter, only the attending physician at the time of claim closure may make findings regarding the worker's impairment for the purpose of evaluating the worker's disability."

In *Koitzsch v. Liberty Northwest Ins. Corp.*, 125 Or App 666, 670, 866 P2d 514 (1994), after an examination of the legislative history, we held that the purpose of ORS 656.245-(3)(b)(B) is to eliminate Board reliance on *independent medical examinations* for any purpose in its evaluation of a worker's disability. We did not hold, as claimant contends, that the Board is required to *accept* the opinion of the attending physician or that it may not consider other, non-medical, evidence in making its evaluation of the medical evidence or of a claimant's disability. Here, the Board had before it non-medical evidence offered for the purpose of showing that claimant's limitations were not as extensive as she had represented to her physicians or at the hearing. The Board could rely on that evidence in its evaluation of the medical evidence. The Board did not err.

We conclude, additionally, that the Board's finding that it could not give any weight to the vocational expert's opinion because that opinion was based on an inaccurate description of claimant's limitations, is supported by substantial evidence.

Affirmed.