Argued and submitted July 29, affirmed on petition and on cross-petition
September 7, 1994

In the Matter of the Compensation of
Mitchell C. Beem, Claimant.
AGRIPAC, INC.,
and Liberty Northwest Insurance Corporation,
*Petitioners - Cross-Respondents,*

*v.*

Mitchell C. BEEM,
*Respondent - Cross-Petitioner.*

(92-04596; CA A82044)

880 P2d 966

Alexander D. Libmann argued the cause for petitioners - cross-respondents. On the briefs was James D. McVittie.

Robert Wollheim argued the cause for respondent - cross-petitioner. With him on the brief were Welch, Bruun, Green & Wollheim, and Thomas Cary and Coons, Cole & Cary.

Before Rossman, Presiding Judge, and De Muniz* and Leeson, Judges.

LEESON, J.

---

* De Muniz, J., *vice* Richardson, C. J.

## LEESON, J.

Employer petitions from an order of the Workers' Compensation Board awarding temporary partial disability, and claimant cross-petitions from the same order, contending that the Board erred in failing to make an award of permanent partial disability. We affirm on the petition, and write only to address the cross-petition.

■　　Claimant contends that under ORS 656.245-(3)(b)(B), only Dr. Feinberg, his attending physician, could rate his impairment, and that the Board erred in rejecting his opinion and in admitting the opinions of independent medical examiners. Claimant is correct that only the attending physician may rate claimant's impairment and that other medical evidence is not admissible to impeach the attending physician's opinion. *Koitzsch v. Liberty Northwest Ins. Corp.*, 125 Or App 666, 866 P2d 514 (1994).

■　　We conclude, however, that the Board's error, if any, in admitting other medical evidence is harmless. Assuming, without deciding, that Feinberg qualified as claimant's attending physician under ORS 656.005(12)(b)(B),[1] the Board found that it was unclear whether Feinberg attributed claimant's permanent limitation to his compensable injury or to a subsequent injury, and that therefore Feinberg's opinion did not support a permanent disability award. The Board chose not to accept Feinberg's opinion, which was the only opinion indicating that claimant had permanent impairment. It can do that. *Libbett v. Roseburg Forest Products*, 130 Or App 50, 880 P2d 935 (1994).

Affirmed on petition and on cross-petition.

---

[1] In considering the findings of Feinberg, the Board noted:

"Dr. Feinberg became claimant's attending physician in October 1989 and continued treating him until February 1991. Dr. Feinberg, a chiropractor, treated claimant at a frequency of four times per month from July 20, 1990 until February 7, 1991. * * * Under such circumstances, Dr. Feinberg likely did not qualify as an attending physician under ORS 656.005(12)(b)(B) by the time of claim closure in October 1991, since his treatment exceeded 30 days or 12 visits from the date of the first visit on the claim."