Argued and submitted January 9, reversed and remanded for reconsideration
April 30, 1997

In the Matter of the Compensation of
Stephen M. Snyder, Claimant.

Stephen M. SNYDER,
*Petitioner,*

*v.*

BARRETT BUSINESS SERVICES, INC.,
*Respondent.*

(Agency No. 94-02568; CA A91472)

939 P2d 47

Dale C. Johnson argued the cause for petitioner. With him
on the brief was Malagon, Moore, Johnson & Jensen.

Travis Terrall argued the cause and filed the brief for respondent.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

**EDMONDS, J.**

Claimant seeks review of a Workers' Compensation Board order holding that, based on the attending physician's closing evaluation and the medical arbiters' report, there is no permanent impairment to claimant's low back as a result of his compensable injury. We review for errors of law and substantial evidence, ORS 656.298(6); ORS 183.482(8), and remand for reconsideration.

Claimant suffered a compensable injury on December 2, 1992, when he fell from a ladder while working for Barrett Business Services (Barrett), a self-insured employer. Sedgwick James & Company (Sedgwick), the claims processing agent for Barrett, accepted claimant's claim arising out of the fall for "[a] disabling right knee anterior tear of the medial meniscus on the right side, [and] low back and hip contusions/abrasion of the right." On December 4, claimant began treatment with Dr. Richard Matteri for his right knee and low back. On December 10, Matteri x-rayed claimant's back and noted that claimant had "mild symptoms of lumbar sprain phenomenon." He predicted resolution of claimant's conditions with the passage of time. After December 16, there is no mention in Matteri's chart notes about back complaints. Matteri continued to treat claimant for knee complaints through September 23, 1993.

On September 23, 1993, claimant was examined by Matteri in a final evaluation. His report for that date does not mention an evaluation of claimant's low back. On November 16, 1993, Matteri wrote to Sedgwick:

> "On September 23, 1993, [claimant] was declared medically stationary with no limitations or impairment as the result of his injury. I find nothing in [claimant's] right knee to indicate that he has a chronic condition limiting repetitive activity."

Sedgwick closed the claim by issuance of a Notice of Closure that awarded periods of temporary disability benefits and scheduled permanent partial disability for claimant's right knee. No award was made for claimant's low back.

Claimant objected to the Notice of Closure and requested that the claim be referred to a panel of arbiters. ORS 656.268(7). Claimant was examined by the panel, which noted that the accepted conditions were a right knee medial meniscal tear and a low back contusion. The panel also said that there was no medical history of a prior low back problem. Under the "Physical Examination" section of the report, the panel found loss of range of motion impairment regarding claimant's low back. It wrote:

> "Inclinometer lumbosacral range of motion reveals maximum true lumbar flexion of 52 degrees, extension 14 degrees, right lateral flexion 24 degrees, and left lateral flexion 26 degrees. The lumbar flexion test is satisfied by reproducibility criteria and the straight leg raising test."

The report concluded:

> "IMPRESSION:
>
> "1.   Status postop arthroscopic partial medial meniscectomy of right knee.
>
> "2.   Lumbar strain, resolved.
>
> "DISCUSSIONS & RECOMMENDATIONS:
>
> "* * * * *
>
> "*LUMBAR SPINE*:
>
> "1.   Active ranges of lumbar motion with inclinometer are as above.
>
> "* * * * *
>
> "4.   Based on the examination and other objective findings, [claimant] has lost 10 degrees of active flexion of the right knee but otherwise has no objective abnormality."

Based on the arbiters' findings of loss of range of motion, the Department of Consumer and Business Services (Department) issued an Order on Reconsideration that modified the Notice of Closure and granted an unscheduled permanent partial disability award for the low back equal to eight percent.[1] Both parties requested a hearing on the Order

---

[1] The Order on Reconsideration also modified the scheduled disability award to 12 percent for the right knee. The only issue before us on review is the unscheduled permanent partial disability award for the low back.

on Reconsideration. At the hearing, claimant withdrew his request for hearing, and Barrett sought reduction of the eight percent low back award. The administrative law judge (ALJ) ruled for claimant, concluding that the arbiters' examination was a more complete assessment of claimant's condition.

Barrett appealed to the Board, which reversed the ALJ. The Board reasoned:

"OAR 436-35-007(9) provides that impairment is determined by the attending physician, or by the medical arbiter when one is used, 'except where a preponderance of medical opinion establishes a different level of impairment.' We have previously held that we do not automatically rely on a medical arbiter's opinion in evaluating a worker's permanent impairment but, rather, rely on the most thorough, complete, and well-reasoned evaluation of the claimant's injury-related impairment. *See Kenneth W. Matlack*, 46 Van Natta 1631 (1994).

"Here, claimant began treating with Dr. Matteri two days after his December 1992 injury. In his initial report, Dr. Matteri noted that claimant had back pain that came on gradually by the evening of the injury. * * * On December 10, 1992, Dr. Matteri noted that claimant's back was still bothering him, and that claimant would have x-rays. On December 16, 1992, Dr. Matteri noted 'symptoms of a lumbar strain phenomena.' Following Dr. Matteri's December 16, 1992 examination, however, the record contains no further reference to claimant's low back until the January 1994 arbiter's report. * * *

"Moreover, in September 1993, claimant was specifically instructed by the carrier to see Dr. Matteri for a final evaluation. * * * In his examination, Dr. Matteri noted normal range of motion in the right knee. He also stated that claimant had no limitations as the result of the injury. * * * Dr. Matteri made no reference to claimant's back.

"The medical arbiters examined claimant on January 28, 1994. * * * They noted that claimant had had low back pain right after his December 1992 injury, but that it did not require treatment. * * * Claimant reported to the arbiters that he currently had some low back pain when sleeping.

"The arbiter's lumbosacral range of motion measurements indicated slight loss of range of lumbar motion. * * * Nevertheless, they state that, 'based on the examination and other objective findings, [claimant] has lost 10 degrees of active flexion of the right knee[,] but otherwise has *no objective abnormality*.' (Emphasis added.) * * * Notwithstanding the arbiters' statement, the Order on Reconsideration granted unscheduled permanent disability based on the arbiters' range of motion findings.

"Based on the aforementioned medical opinions, we are not persuaded that claimant sustained permanent impairment in his low back as a result of his compensable injury, particularly in light of Dr. Matteri's failure to address claimant's low back during his closing evaluation, and in light of the arbiters' reference to no objective findings. Consequently, we conclude that claimant is not entitled to an award of unscheduled permanent disability." (Citations omitted; brackets in original.)

Claimant contends that the Board erred in relying on Matteri's failure to address claimant's low back during his closing evaluation and that it misapplied OAR 436-35-007(9). ORS 656.726(3)(f)(B) provides that "[i]mpairment is established by a preponderance of medical evidence based upon objective findings." *Former* rule OAR 436-35-007(9)[2] further defines impairment as:

"Impairment is determined by the attending physician except where a preponderance of medical opinion establishes a different level of impairment. On reconsiderations, where a medical arbiter is used, impairment is determined by the medical arbiter, except where a preponderance of medical opinion establishes a different level of impairment."

The rule sets forth the methodology for analysis when there are multiple, conflicting reports about impairment. There is no evidence that Matteri undertook to evaluate claimant's low back on September 23, and it is not clear how the Board interprets the rule. Nonetheless, there was no

---

[2] This claim is governed by *former* OAR 436-35-007(9) because claimant was declared medically stationary on September 23, 1993. Subsequently, OAR chapter 436, division 35 was revised, and new disability rating standards apply to all workers medically stationary on or after June 7, 1995. *See* OAR 436-035-0003(1).

evaluation of impairment within the meaning of the rule by the attending physician that was "different" from and could be weighed against the arbiters' evaluation. The only report that addressed the issue of impairment of claimant's low back was the arbiters' report, which found impairment. Thus, the Board's reliance on the rule and on Matteri's evaluation as a basis on which to conclude that claimant had not demonstrated permanent disability from his low back injury is misplaced. Because we cannot tell from the Board's opinion what its conclusion about the weight of evidence would have been, had it not considered Matteri's report and the rule, we remand to the Board for reconsideration.

Reversed and remanded for reconsideration.