Argued and submitted March 2, affirmed August 1, 2001

In the Matter of the Compensation of
Gorden L. Atkins, Claimant.

Gorden L. ATKINS,
*Petitioner,*

*v.*

ALLIED SYSTEMS, LTD.,
*Respondent.*

99-04079; A109516

29 P3d 1139

Robert K. Udziela argued the cause and filed the brief for petitioner.

Jerald P. Keene argued the cause and filed the brief for respondent.

Before Edmonds, Presiding Judge, and Haselton and Kistler, Judges.

EDMONDS, P. J.

## EDMONDS, P. J.

In this workers' compensation case, claimant seeks judicial review of an order of the Workers' Compensation Board (Board). The Board concluded that claimant had not suffered any permanent impairment as the result of a work-related injury to his left elbow and awarded no permanent partial disability (PPD) benefits. Claimant contends that the Board was not authorized, in the absence of other medical evidence or opinions, to disregard the medical arbiter's report in this case that contained a finding of permanent impairment. We review for errors of law and to determine whether there was substantial evidence to support the Board's determination, and we affirm.

Claimant's left arm was injured at work, and his claim for compensation was accepted by his self-insured employer. After a short hiatus from work, claimant returned to light-duty work under the supervision of his treating physician, Dr. Yarusso. Claimant did not achieve the kind of recovery that Yarusso expected, and he filed an aggravation claim and also underwent surgery by Dr. McWeeney. After surgery, claimant was evaluated by McWeeney, who released him to full-duty work. In his final report, McWeeney declared claimant medically stationary and reported that claimant "has a slight deficit of weakness that I think is accurate." Claimant's compensation claim was then closed by employer without any award for PPD. Claimant requested reconsideration and was examined by Dr. Ho, a medical arbiter, pursuant to ORS 656.268(7)(a). The arbiter found that claimant's strength was impaired in his injured arm, that the impairment was related to his discomfort and the need for additional treatment, and that claimant was "significantly limited in his ability to repetitively use the left elbow because of left lateral epicondylitis arising out of the accepted condition."

The appellate review unit issued an order on reconsideration that adopted Ho's determination and awarded claimant 13% PPD. Employer requested a hearing before the hearings division, asking for the reduction or elimination of the PPD award on the ground that the information contained

in Ho's report did not support the director's award. Employer's main contention was that, if claimant was able to return to full-duty employment, an award for permanent impairment "defie[d] logic." The administrative law judge (ALJ) affirmed the director's order. Employer appealed to the Board. The Board adopted the ALJ's findings of fact but rejected Ho's finding of impairment on the ground that it did not demonstrate any permanence in claimant's condition. It also rejected McWeeney's opinion as a basis on which to award PPD, because it found that opinion insufficiently precise to establish impairment.

■ On review, claimant's sole contention is that "only two people may make findings concerning a worker's impairment—the attending physician at the time of claim closure, and a medical arbiter appointed pursuant to ORS 656.268(7)" and that the Board improperly substituted its own findings for those of the arbiter and the treating physician. His argument is premised on OAR 436-035-0007(14), which provides:

> "Impairment is established by the attending physician in accordance with ORS 656.245(2)(b)(B) and OAR 436-010-0280 except where a preponderance of medical opinion establishes a different level of impairment pursuant to ORS 656.726(3)(f)(B). On reconsideration, where a medical arbiter is used, impairment is established by the medical arbiter, except where a preponderance of medical opinion establishes a different level of impairment. Where a preponderance establishes a different level of impairment, the impairment is established by the preponderance of evidence."

Claimant contends that, "if the Board majority wanted to reject the medical arbiter's opinion on th[e] issue [of impairment,] it would have to look to the only other medical opinion in the record, that of Dr. McWeeney." Claimant relies on our decision in *Snyder v. Barrett Business Services, Inc.*, 147 Or App 619, 939 P2d 47 (1997), in support of his interpretation of the rule.

Employer, in response, relies on OAR 436-035-0005(10). That rule provides:

> " 'Preponderance of medical evidence' or 'opinion' does not necessarily mean the opinion supported by the greater

number of documents or greater number of concurrences; rather it means the more probative and more reliable medical opinion based upon factors including, but not limited to, one or more of the following:

"(a)   The most accurate history;

"(b)   The most objective findings;

"(c)   Sound medical principles; or

"(d)   Clear and concise reasoning."

According to employer, this rule provides a preface to the application of OAR 436-035-0007(14), and it directs the Board to evaluate "both the relative persuasiveness and intrinsic persuasiveness of the medical opinions on each element of proof." Therefore, it reasons, "the Board is free to find even unrebutted impairment findings in an attending physician or medical arbiter's report unpersuasive, and therefore decline to award PPD."[1]

■   We begin our analysis by observing what is not in dispute. Claimant does not argue that OAR 436-035-0007(14) is invalid or that the department has exceeded the statutory authority given to the director to adopt such a rule. Thus, the only issue before us is the meaning of the rule. In undertaking that analysis, we treat an administrative rule like a statute, *Perlenfein and Perlenfein,* 316 Or 16, 20, 848 P2d 604 (1993), and our first level of inquiry is the examination of text and context. As set forth above, the text of the administrative rule provides alternative sources for the establishment of impairment. The rule was written in parallel structure to cover two different types of situations. The first sentence covers an initial determination of impairment and provides that the Board must rely on the attending physician's report of impairment as evidence of impairment unless a preponderance of *other medical evidence* establishes otherwise. The second sentence covers cases on reconsideration in which a medical arbiter is used. It provides that, in those cases, the Board must rely on the medical arbiter's report of impairment as its

---

[1] Employer does not argue that the Board is authorized to set a different degree of impairment without medical evidence from some source that would support a different finding.

evidence of impairment, unless other, more persuasive medical evidence establishes a different level. The final sentence, which applies to either of the situations addressed by the first two sentences, clarifies that when the Board chooses not to use the treating physician's or medical arbiter's reports, but instead relies on "a preponderance of [other] medical opinion," the other medical evidence must rise to a preponderance before it can be used to establish impairment.

The rule is in the nature of a limitation on the evidence the Board may use to determine impairment. Contrary to claimant's argument, the rule does not require a choice of adopting "one or the other" of the arbiter's or treating physician's opinions, because the last sentence clearly allows the use of other medical evidence. Moreover, each sentence of the rule provides how impairment is "established." To "establish" means "to settle or fix after consideration." *Webster's Third New Int'l Dictionary*, 778 (unabridged ed 1993). Consequently, the text does not answer the question of whether the Board is authorized to reject all medical opinions about impairment and to refuse to award PDD benefits because it is not persuaded by the medical evidence.

We turn to the context of the rule. The context here includes other rules and statutes as well as prior cases interpreting those rules and statutes, including OAR 436-035-0005(10), which defines preponderance of the evidence, and ORS 656.283(7), which governs burdens of production and persuasion. ORS 656.283(7) provides, in part, that "[a]ny finding of fact regarding the worker's impairment *must be established by medical evidence that is supported by objective findings*." (Emphasis added.) By limiting the kind of evidence that suffices to support an award of impairment to that which is supported by objective findings, the legislature has necessarily decided that some medical evidence or opinions of impairment will not suffice to establish impairment cognizable under the Workers' Compensation Act. For instance, when ORS 656.287 is read with OAR 436-035-0007(14), impairment must be established by objective medical evidence by a preponderance of the evidence. It follows that if the medical evidence does not meet those requirements, no award for impairment is authorized.

Other rules support the understanding that there are limitations on what evidence can be used to find an impairment. Specifically, OAR 436-010-0280 provides that, when a treating physician performs a closing examination, he or she must "provide all objective findings of impairment pursuant to these rules and in accordance with OAR 436-035-0007." OAR 436-035-0007(2)(a) provides that the physician shall "describe the current total overall findings of impairment," and the remainder of that rule sets out detailed instructions to physicians about how to craft their opinions and findings regarding impairment. Each of those rules confirms that the Board is authorized to reject medical opinions that lack certain requirements.

■ Additionally, interpreting OAR 436-035-0007 to authorize the Board to reject medical evidence that it does not find persuasive is consistent with the overall role of burdens of production and persuasion that are made part of Board review by ORS 656.266 and ORS 656.283(7). ORS 656.266 provides:

> "The burden of proving that an injury or occupational disease is compensable and of proving the nature and extent of any disability resulting therefrom is upon the worker."

ORS 656.283(7) provides:

> "[N]othing in this section shall be construed to prevent or limit the right of a worker, insurer or self-insured employer to present the reconsideration record at hearing to establish by a preponderance of that evidence that the standards adopted pursuant to ORS 656.726 for evaluation of the worker's permanent disability were incorrectly applied in the reconsideration order pursuant to ORS 656.268."

In fact, if we were to adopt claimant's interpretations, the rule about establishing impairment would be inconsistent with the statute placing the burden of proof on claimant.[2]

Finally, claimant argues that our holding in *Snyder* demonstrates a different understanding of the rule. In

---

[2] *See Marvin Wood Products v. Callow*, 171 Or App 175, 14 P3d 686 (2000), for a detailed discussion of how the burdens of proof and persuasion are allocated throughout the processing of a workers' compensation claim.

*Snyder*, the injured worker had been evaluated by both a treating physician and a medical arbiter. The treating physician initially undertook treatment of two conditions, a knee injury and a low back condition. In his final report, he did not mention the back condition at all, and he opined that the knee injury caused a slight permanent impairment. The injured worker objected to the notice of closure and was examined by a medical arbiter. The arbiter found that the worker's knee condition warranted a permanent partial disability award and also found that his lower back was impaired. An order on reconsideration issued awarding the worker compensation for both the back and knee condition, and the employer appealed from that order. The ALJ ruled for the injured worker, concluding that the arbiter's examination was a more complete assessment of his condition than the treating doctor's assessment. The employer appealed to the Board, which reversed the ALJ. The Board held that it could disregard the medical arbiter's report because it conflicted with the treating doctor's apparent belief that the back condition was completely resolved and because its findings of permanent impairment were not based on objective findings about the worker's limitations.

On review, we examined OAR 436-035-007(9) (1993) which is identical in all material respects to OAR 436-035-0007(14). We said:

> "The rule sets forth the methodology for analysis when there are multiple, conflicting reports about impairment. There is no evidence that [the treating physician] undertook to evaluate claimant's low back on September 23, and it is not clear how the Board interprets the rule. Nonetheless, there was no evaluation of impairment within the meaning of the rule by the attending physician that was 'different' from and could be weighed against the arbiter's evaluation. The only report that addressed the issue of impairment of claimant's low back was the arbiter's report, which found impairment. Thus, the Board's reliance on the rule and on [the treating physician's] evaluation as a basis on which to conclude that claimant had not demonstrated permanent disability from his low back injury is misplaced. Because we cannot tell from the Board's opinion what its conclusion about the weight of evidence would have been, had it not considered [the treating physician's] report and

the rule, we remand to the Board for reconsideration." *Snyder*, 147 Or App at 624-25.

Our analysis and ultimate holding in *Snyder* are consistent with our conclusion that the Board is authorized to reject medical opinions that it finds to be unpersuasive. In *Snyder,* once we determined that the treating physician's report did not contain an opinion about the claimant's back impairment (rather than containing an implicit finding of no impairment), the only remaining medical opinion on the issue of his back impairment was that of the arbiter. Instead of instructing the Board to adopt the findings of the arbiter, however, or reinstating the award based on the arbiter's opinion, we remanded, stating, "We cannot tell from the Board's opinion what its conclusion about the weight of evidence would have been." *Snyder*, 147 Or App at 625. Our holding in *Snyder* meant that the Board was entitled to weigh even uncontroverted evidence to determine if it satisfied the claimant's burden of persuasion. *See also Agripac, Inc. v. Beem*, 130 Or App 170, 172, 880 P2d 966 (1994) ("The Board chose not to accept [the treating physician's] opinion, which was the only opinion indicating that claimant had permanent impairment. It can do that."); *Libbett v. Roseburg Forest Products*, 130 Or App 50, 52, 880 P2d 935 (1994), *rev den* 320 Or 507 (1995) ("We did not hold, as claimant contends, that the Board is required to *accept* the opinion of the attending physician, or that it may not consider other, nonmedical evidence[.]" (emphasis in original)).

Here, the Board was not persuaded by Ho's or McWeeney's report of the permanence of claimant's impairment. Under the applicable statutes and rules, the Board was authorized to reject those medical reports that it did not find persuasive. Also, there is substantial evidence in the record to support the Board's determinations in that regard. Consequently, the Board did not err in ruling that claimant was not entitled to PPD.

Affirmed.