Argued and submitted January 18, affirmed August 29, 2001

In the Matter of the Compensation of
Sherrie J. James, Claimant.

Sherrie J. JAMES,
*Petitioner,*

*v.*

SAIF CORPORATION
and ARC of Umatilla County,
*Respondents.*

99-04340; A109613

31 P3d 506

R. Adian Martin argued the cause and filed the brief for petitioner.

Jerome P. Larkin argued the cause and filed the brief for respondents.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

KISTLER, J.

**KISTLER, J.**

A medical arbiter found that claimant was entitled to permanent partial disability (PPD) for a concussion that she suffered, and the Appellate Review Unit issued an order to that effect. The Workers' Compensation Board declined to award claimant PPD for that injury because it was not convinced by the arbiter's opinion. Claimant seeks review of the Board's order. We affirm.

On July 2, 1997, claimant fell from a deck when a guardrail gave way. She sustained injuries to her head and left wrist. Employer accepted her claim for a concussion and left wrist fracture, and later for cervical and thoracic strains. Claimant's physician declared her medically stationary on September 14, 1997, and suggested that an independent medical examiner (IME) panel rate her disability. The IME panel found that claimant was entitled to disability for the injury to her left arm but not for her head injury. Claimant's physician concurred with the IME panel, and employer awarded claimant two percent PPD for her left wrist.

Claimant requested reconsideration. A panel of medical arbiters found that she was entitled to three percent PPD for her left arm and 18 percent PPD for impaired range of motion of her spine. As part of the arbiters' examination, Dr. Deborah Syna examined claimant to determine whether her head injury had resulted in any permanent impairment. Syna found that claimant had a Class 1 post-concussion syndrome, which carries with it an award of 10 percent PPD. *See* OAR 436-035-0390(10). Based on the arbiters' findings, the Appellate Review Unit issued an order awarding claimant three percent scheduled PPD for her left arm, 18 percent unscheduled PPD for her impaired range of motion, and 10 percent unscheduled PPD for her head injury. It combined the last two awards for a total award of 26 percent unscheduled PPD. *See* OAR 436-035-0007(15) and (18); OAR 436-035-0320(4).

Employer requested a hearing. The administrative law judge (ALJ) found that, although claimant was entitled to an 18 percent award for lost range of motion, she had not suffered any permanent impairment as a result of her head

injury and deleted that portion of the award. He explained the basis for his finding:

"The independent panel found that claimant did not have any impairment related to her concussion and that conclusion was concurred with by her attending physician. * * * [U]p to the point when claimant saw Dr. Syn[a] in the medical arbiter process, there was no medical evidence of any permanent impairment related to claimant's concussion.

"When claimant saw Dr. Syn[a], the only neurological problem that she described with any specificity was a once a week headache that resolved with medications. It is apparently that finding or report that Dr. Syn[a] relied upon to conclude that claimant was entitled to an award of impairment for a Class 1 brain injury. * * * I do not find Dr. Syn[a]'s medical report sufficient to support the award. There is no explanation from the doctor as to how and whether the periodic headaches constitute an episodic neurological disorder rateable under the standard. * * * There is no indication that the headaches are a permanent type of impairment. * * * While I certainly accept that headaches can be disabling and there is no reason to discount claimant's history of episodic headaches, I do not believe the medical evidence is sufficient to support the award of permanent brain impairment, related to the injury, based upon the headaches."

The ALJ concluded that Syna's opinion was

"not supported by any objective evidence or any evidence of restrictions on claimant's activities of daily living attributable to her concussion or any description of any impairment related to her concussion which was permanent."

The Board adopted the ALJ's order and affirmed. On review, claimant notes that the Board found Syna's opinion insufficient because it failed to explain the basis for her conclusion. Claimant argues that the "Board erred in creating an additional requirement for proving that an impairment is rateable." Claimant reasons that Syna was not required to explain "how or whether the periodic headaches constitute an episodic neurological disorder rateable under the standard." Rather, claimant argues that Syna was required only to apply the criteria set out in the rule and decide whether

claimant suffered from a permanent impairment. OAR 436-035-0390(10).[1] Claimant concludes that, because Syna applied those criteria,[2] her opinion was both sufficient to support an award of disability and necessarily required the Board to uphold the award.

Syna's opinion may have been sufficient to support a disability award, *see Hewlett-Packard Co. v. Toy*, 174 Or App 275, 279 n 1, 23 P3d 1015 (2001), but the Board was not required to accept Syna's opinion or find it persuasive, *Atkins v. Allied Systems*, 175 Or App 487, 495, 29 P3d 1139 (2001) (the Board is not bound by the medical arbiter's opinion and may "reject medical opinions that it finds to be unpersuasive"). Here, the Board found the stated basis for Syna's opinion—that claimant suffered from weekly headaches—insufficient to convince it that claimant had sustained any permanent impairment.[3] In the absence of any other stated basis for Syna's opinion and in light of the attending physician's opinion that claimant suffered no permanent impairment as a result of her head injury, we cannot say that the Board erred in finding Syna's opinion unpersuasive. *See id.*

Affirmed.

---

[1] OAR 436-035-0390(10) provides, in part:

"Impairment for injuries that have resulted in damage to the brain shall be determined based upon a preponderance of medical opinion which *applies and / or describes the following criteria.*"

(Emphasis added.) The rule then sets out the criteria for six classes of impairment.

[2] Syna's opinion states:

"In this examiner's opinion, head brain injury impairment would be defined as Class I with episodic headaches, which are well controlled with medication."

[3] Claimant does not argue that the Board erred in concluding that weekly headaches do not satisfy the criteria for proving impairment under OAR 436-035-0390(10). Rather, she argues that the mere fact that Syna applied the criteria in the rule and determined that she suffered an impairment required the Board to award her PPD for her injury. As explained above, our opinion in *Atkins* refutes the assumption that underlies claimant's argument.