On respondents' petition for reconsideration filed September 8, reconsideration allowed; former opinion (194 Or App 655, 96 P3d 856) modified and adhered to as modified November 10, 2004

In the Matter of the Compensation of
Larry E. Hicks, Claimant.

Larry E. HICKS,
*Petitioner,*

*v.*

SAIF CORPORATION
and Prairie Wood Products,
*Respondents.*

02-06643; A122095

100 P3d 1129

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Armstrong, Judge.

LANDAU, P. J.

## LANDAU, P. J.

In this workers' compensation case, we held that the Workers' Compensation Board erred in rejecting a medical arbiter's rating of claimant's impairment for decreased range of motion after surgery for a compensable cervical injury. *Hicks v. SAIF,* 194 Or App 655, 96 P3d 856 (2004). We held that, in the absence of other evidence showing a different level of impairment or that the impairment was not related to the injury, the board must accept the unambiguous opinion of the medical arbiter as to the cause of claimant's lost range of motion and may not reject it merely because it finds the opinion not persuasive. Employer has filed a petition for reconsideration, contending that our holding is at odds with *Atkins v. Allied Systems, Ltd.,* 175 Or App 487, 29 P3d 1139 (2001). We allow reconsideration to discuss *Atkins.*

We first summarize our original opinion in this case. This case concerns an interpretation of a prior version of an administrative rule of the Department of Consumer and Business Services (DCBS), OAR 436-035-0007(14) (1999), regarding the rating of impairment:

> "Impairment is established by the attending physician in accordance with ORS 656.245(2)(b)(B) and OAR 436-010-0280 except where a preponderance of the medical opinion establishes a different level of impairment pursuant to ORS 656.726(3)(f)(B). *On reconsideration, where a medical arbiter is used, impairment is established by the medical arbiter, except where a preponderance of the medical opinion establishes a different level of impairment.* Where a preponderance establishes a different level of impairment, the impairment is established by the preponderance of the evidence."

(Emphasis added.) In this case, claimant suffered a compensable cervical disc herniation at C4-5, for which he had cervical fusion surgery. The surgery involved fusions at levels C4-5, C5-6, and C6-7. Claimant sought reconsideration of SAIF's award of unscheduled permanent disability. Dr. Grunwald, a medical arbiter, examined claimant and determined that 100 percent of claimant's loss of range of motion was due to claimant's accepted cervical disc herniation. The Appellate Review Unit of DCBS increased claimant's award accordingly. The administrative law judge (ALJ)

and the board disagreed with Grunwald's finding of impairment. The board explained that, in light of the fact that claimant had had a three-level fusion and only one level was compensable, it found unpersuasive Grunwald's finding that 100 percent of claimant's lost range of motion was due to the accepted C4-5 disc herniation. Although there was no other medical opinion of impairment on which the board found it could rely to rate claimant's impairment,[1] the board nonetheless modified claimant's award to eliminate an impairment rating for reduced cervical range of motion.

We reversed the board's order. We said that OAR 436-035-0007(14) (1999) requires that, when a medical arbiter's findings are submitted to the director of DCBS on reconsideration of a notice of closure, the worker's impairment is established by the medical arbiter unless a preponderance of the medical evidence establishes a different level of impairment. Citing our opinion in *Khrul v. Foremens Cleaners*, 194 Or App 125, 93 P3d 820 (2004), we said that, in reviewing the director's order on reconsideration, the board also must accept the opinion of the medical arbiter, unless other medical opinion establishes a different level of impairment. We qualified that statement with the requirement that, when the medical arbiter provides the only opinion of impairment, the board must nonetheless evaluate it to determine whether it rates impairment other than impairment caused by the compensable condition. We held, however, that, in the absence of other evidence showing a different level of impairment or that the impairment is not related to the injury, the board is not free to reject a medical arbiter's unambiguous opinion *as to the cause of impairment* merely because the board finds the opinion unpersuasive.

It is that last conclusion that employer contends is inconsistent with our opinion in *Atkins*. A close reading of *Atkins* indicates that our statement is consistent with our holding in *Atkins*, but that *dicta* in *Atkins* incorrectly suggests that the board may evaluate the persuasiveness of a

---

[1] The board explained in a footnote to its order that the opinion of claimant's treating physician did not accurately reflect claimant's condition as of the date of the reconsideration proceeding.

medical arbiter's opinion that provides the only medical opinion as to the causation of impairment and reject it if it is not persuaded.

In *Atkins*, the claimant suffered a compensable injury to his arm. The claimant's treating physician expressed the opinion that the claimant had a slight deficit of weakness in his injured arm. The claim was closed without an award for permanent disability. On reconsideration, a medical arbiter found that the claimant had permanent impairment "related to discomfort and the need for additional progressive resistence exercise and not due to muscle, nerve damage or disruption of the musculotendinous unit." The Appellate Review Unit adopted the medical arbiter's impairment rating and made an award of permanent disability. On the employer's appeal, the board rejected the medical arbiter's finding of impairment, reasoning that the opinion did not demonstrate that the impairment was permanent. The board also found that the treating physician's opinion was insufficient to establish impairment. It accordingly eliminated the award for permanent disability. On judicial review, the claimant contended that the board had improperly substituted its own findings for those of the arbiter or the treating physician. Citing the administrative rule, the claimant contended that, if the board rejected the opinion of the medical arbiter, it had no choice other than to adopt the treating physician's opinion of impairment. The employer contended that the board was required to evaluate the persuasiveness of the medical opinions as to impairment.

We affirmed the board's order rejecting the medical arbiter's impairment rating, reasoning that "there are limitations on what evidence can be used to find an impairment" and concluding that the administrative rules and their statutory context authorize the board "to reject medical opinions that lack certain requirements." *Atkins*, 175 Or App at 493. We said that substantial evidence supported the board's determination that the medical reports did not show that the claimant's impairment was permanent. That holding and reasoning are consistent with our understanding, as expressed in *Khrul* and in our original opinion in this case, that a medical arbiter's report may be rejected if it does not

rate permanent impairment caused by the compensable condition. In *Atkins*, as in *Khrul*, the medical arbiter's report was reasonably subject to the interpretation that the claimant's impairment was not permanent. We correctly concluded that the board's interpretation of the medical arbiter's report was a reasonable one supported by substantial evidence.

In *Atkins*, we also said that the board is authorized "to weigh even uncontroverted evidence to determine if it satisfied the claimant's burden of persuasion," and "to reject medical evidence that it finds unpersuasive." 175 Or App at 495. We adhere to those statements to the extent that they mean that, when the medical arbiter's report is the only evidence of impairment, the board must evaluate and reasonably interpret the report to determine whether it in fact rates permanent impairment caused by the compensable condition. However, we reject the suggestion that, when the medical arbiter's report is the only opinion of impairment, the board may evaluate the persuasiveness of the opinion as to the level or cause of impairment and reject it as unpersuasive; to the extent that our *dictum* in *Atkins* suggests such a conclusion, we disavow it.

■■ OAR 436-035-0007(14) (1999) requires that, when a medical arbiter is used on reconsideration, "impairment is established by the medical arbiter, except where a preponderance of the medical opinion establishes a different level of impairment." As we said in *Khrul*, the worker is entitled to a value for findings of impairment that are permanent and caused by the accepted compensable condition. 194 Or App at 130. When the medical arbiter's opinion is ambiguous as to whether the impairment is permanent or caused by the compensable condition, the board must interpret the opinion to determine whether it rates permanent impairment caused by the compensable condition. We will affirm the board's interpretation if it is reasonable and supported by substantial evidence. When, however, as in this case, the medical arbiter's opinion is the only opinion of impairment and unambiguously attributes the claimant's permanent impairment to the compensable condition, there is no need for interpretation and, pursuant to OAR 436-0035-0007(14) (1999), the claimant's impairment is established by the medical arbiter. To

permit the board to second guess the medical arbiter's opinion in those circumstances would undermine the intention expressed in OAR 436-035-0007(14) (1999) that, in the absence of other persuasive medical evidence, the medical arbiter's report provides the default determination of a claimant's impairment.

Reconsideration allowed; former opinion modified and adhered to as modified.