No. 225 March 25, 2026 1

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Compensation of Inemesit N. Okon,
Claimant.

Inemesit N. OKON,
*Petitioner,*

*v.*

BROADSPIRE
and Legacy Health,
*Respondents.*

Workers' Compensation Board
2305542;
A186469

Argued and submitted February 19, 2026.

Jodie Anne Phillips Polich argued the cause for petitioner. Also on the briefs was Law Offices of Jodie Anne Phillips Polich, P.C.

Rebecca Watkins argued the cause for respondents. Also on the brief were Jessica Fox and SBH Legal.

Before Tookey, Presiding Judge, Lagesen, Chief Judge, and Kamins, Judge.

TOOKEY, P. J.

Reversed and remanded.

**TOOKEY, P. J.**

Claimant seeks review of an order of the Workers' Compensation Board (board) denying permanent partial disability benefits at claim closure. Claimant contends that the board erred in finding that "absent persuasive reasons to the contrary, [the board] is not free to disregard a medical arbiter's unambiguous findings" and that the board failed to adequately explain why it determined that the medical arbiter's findings were more persuasive than the findings of claimant's attending physician. Employer contends that the board did not err because the board properly "relied on a medical arbiter panel's findings that claimant's accepted lumbar and pelvic strain conditions caused no lasting impairment, attributing all measured limitations instead to unrelated facts such as age, body habitus, and general health." Employer also contends that "a medical arbiter's objective findings control unless the claimant establishes that the attending physician's findings are more accurate," and that "absent persuasive reasons to the contrary, [the board] is not free to disregard a medical arbiter's unambiguous findings." Employer further contends that the board did not err because the "arbiter panel's findings were thorough, unambiguous, and closer in time to reconsideration" and because claimant "did not demonstrate by a preponderance of the evidence that [her attending physician's] findings were more accurate than the arbiters' findings."[1]

We review the board's legal conclusions for legal error and its determinations on factual issues for substantial evidence, which includes substantial reason. ORS 183.482(8); *Cummings v. SAIF*, 197 Or App 312, 318, 105

---

[1] In their briefing, the parties refer to both the "medical arbiter" and the "medical arbiter panel" without clearly distinguishing between the two. ORS 656.268(8)(a) provides that if the basis for objection to a notice of closure is disagreement with the impairment used in rating of the worker's disability, the director shall refer the claim to a medical arbiter, and ORS 656.268(8)(c) provides that, at the request of either of the parties, "the director shall appoint a panel of as many as three medical arbiters." At the reconsideration proceeding, "[a]ny medical arbiter report may be received as evidence." ORS 656.268(6)(f). Here, claimant was examined by an arbiter panel consisting of two orthopedic surgeons and one neurosurgeon. Having reviewed the parties' briefing and their arguments, we do not understand those arguments to turn on whether claimant was examined by a medical arbiter or a medical arbiter panel, and that point does not make a difference to our decision in this case.

P3d 875 (2005). Because we conclude that the board erroneously concluded that our case law required it to apply OAR 436-035-0007(5)(b) in a manner contrary to the standard set by its plain text, we reverse and remand for further consideration. ORS 183.482(8)(a)(B) (where agency has "erroneously interpreted a provision of law," we may "[r]emand the case to the agency for further action under a correct interpretation of the provision of law").

The findings of a claimant's attending physician are generally used to determine when a condition is medically stationary and the degree of impairment caused by that condition. OAR 436-035-0007(5)(a) ("Impairment is established based on objective findings of the attending physician under ORS 656.245(2)(b)(C) and OAR 436-010-0280."). However, when one party requests reconsideration of a closed claim, a medical arbiter examination is conducted, and "impairment is established based on objective findings of the medical arbiter, except where a preponderance of the medical evidence demonstrates that different findings by the attending physician are more accurate and should be used." OAR 436-035-0007(5)(b); *see also SAIF v. Banderas*, 252 Or App 136, 144-45, 286 P3d 1237 (2012) ("Where the attending physician has provided an opinion of impairment and the board does not expressly reject that opinion, OAR 436-035-0007(5) expressly permits the board to prefer the attending physician's impairment findings, if the preponderance of the medical evidence establishes that they are more accurate.").

Here, claimant was injured at work on January 13, 2022. Claimant's claim for disabling lumbar sprain, lumbar strain, sacroiliac joint sprain, and pelvic strain was accepted by employer. Claimant was deemed medically stationary by her attending physician on February 7, 2023. Claimant saw her attending physician again on July 12, 2023, at which time claimant's attending physician updated claimant's range of motion measurements and confirmed that claimant was working "full duty without restrictions." Claimant's claim was closed on July 18, 2023, and claimant was awarded 15 percent whole person impairment. Employer requested reconsideration on the same day. *Id.* On November 1, 2023, a medical arbiter panel conducted

its examination, determining that any impairment findings which had been attributed to the accepted conditions were "100% *** due to [claimant's] age, general health, and body habitus." The board then stated that the findings of the medical arbiter panel "unambiguously determined that claimant did not have impairment, except restricted range of motion" which was "not due to the accepted conditions."

Claimant contends that the board erred in its application of the legal standard by introducing limiting language about a medical arbiter panel's "unambiguous findings." In response, employer contends that the board's reference to "unambiguous findings" is consistent with our case law. *See Hicks v. SAIF*, 194 Or App 655, 660, 96 P3d 856, *adh'd to as modified on recons*, 196 Or App 146, 100 P3d 1129 (2004) (determining that a board is not free to disregard the medical arbiter's opinion when "the medical arbiter's report unambiguously attributed 100 percent of claimant's reduced *** range of motion to the accepted injury" in the absence of other evidence); *see also Gage v. Fred Meyer Stores - Kroger Co.*, 329 Or App 360, 368, 540 P3d 592 (2023), *adh'd to as modified on recons*, 330 Or App 669, 549 P3d 1283 (2024) (determining that "the board is not free to interpret [the medical arbiter panel's] report to conclude that it was not persuasive and reject it" in favor of claimant's attending physician's report unless the board's decision is supported by substantial evidence and substantial reason).

Having reviewed the record and the law, we conclude that the board erred when it stated that OAR 436-035-0007(5)(b) requires the board to establish impairment "based on the objective findings of the medical arbiter" when "a medical arbiter is used and its report is clear and unambiguous." We conclude that the board also erred when it stated that "absent persuasive reasons to the contrary, [the board is] not free to disregard a medical arbiter's unambiguous findings."

OAR 436-035-0007(5)(b) requires that "impairment is established based on objective findings of the medical arbiter, except where a preponderance of the medical evidence demonstrates that different findings by the attending physician are more accurate and should be used." Here,

we understand the board to have interpreted our decisions in *Hicks* and *Gage* to require that when there is a report from an attending physician and a report from a medical arbiter, the board must first determine if the medical arbiter's report is "unambiguous," and, if it is "unambiguous," then the board must use the medical arbiter's report "absent persuasive reasons to contrary." However, unlike in this case, in *Hicks*, "the medical arbiter's opinion [was] the only opinion of impairment and unambiguously attribute[d] the claimant's permanent impairment to the compensable condition." *Hicks*, 196 Or App at 151. Also unlike in this case, in *Gage*, the board chose to rely on the attending physician's report rather than the medical arbiter panel's report, and we reversed because "the reasons the board gave for its conclusion that [the attending physician's] opinion was more accurate and persuasive than that of the panel [were] not based on substantial evidence or reason." *Gage*, 329 Or App at 371 (internal quotation marks omitted).

But when, as here, one party requests reconsideration and there is a report from an attending physician and a report from a medical arbiter panel, the board is required to apply OAR 436-035-0007(5)(b) and establish impairment "based on the objective findings of the medical arbiter, except where a preponderance of the medical evidence demonstrates that different findings by an attending physician are more accurate and should be used." Because, as noted above, the board misapplied the analysis set forth in *Hicks* and *Gage* to this case, we reverse and remand for the board to revisit and reconsider its analysis under OAR 436-035-0007(5)(b).

Reversed and remanded.